PER CURIAM.
Claimant appeals a workers’ compensation order which we affirm except as to the amount of the § 440.15(5)(c), Fla. Stat. (1974), deduction. In applying this *473 provision, the order deducts the full amount of a settlement agreement relating to a prior injury. However, the settlement agreement expressly provides compensation for both permanent and temporary disability, as well as medical benefits, while § 440.15(5)(c) authorizes a deduction only as to compensation received for a previous permanent disability. Amounts received for temporary disability and medical benefits pursuant to the settlement agreement are not subject to deduction under § 440.-15(5)(c).
The order in the present case also deducts the amount of a previous compensation award which was reversed by the Industrial Relations Commission in Nunez v. Royal Kitchen Cabinets, Inc., 7 FCR 284 (1972), cert. dismissed, 276 So.2d 54 (Fla.1973). But neither the briefs of the parties, nor our independent examination of the record, has revealed any evidence that such compensation was ever received by the claimant. We therefore direct that this issue be reconsidered upon remand, with the parties afforded the opportunity to present further evidence if desired.
Accordingly, the order appealed is affirmed in part and reversed in part, and the cause remanded for further proceedings.
SHAW and WENTWORTH, JJ., concur.
BOOTH, J., dissents.