379 So.2d 1015 (1980)
E & A CONCRETE and Peninsular Fire Insurance Company, Appellants,
v.
William PERRY, Appellee.
No. QQ-475.
District Court of Appeal of Florida, First District.
February 13, 1980.
*1016 Ivan Matusek, St. Petersburg, for appellants.
William F. Blews, St. Petersburg, for appellee.
PER CURIAM.
In this workers' compensation case, we hold there is substantial, competent evidence consistent with reason and logic to find Perry permanently and totally disabled as of September 15, 1975, but we reverse the portion of the order awarding twelve percent interest on all back due payments.
At issue here is the determination of the applicable interest rate incident to compensation installments which have been declared past due both before and after the effective date of the twelve percent statutory interest provision.
The new provision first appears in Chapter 78-300, Laws of Florida, which amends § 440.20(7) to provide:
In addition to any other penalties provided by this chapter for late payment, if any installment of compensation is not paid when it becomes due, the employer or carrier shall pay interest thereon at the rate of 12 percent per annum from the date the installment becomes due until it is paid, whether such installment is payable without an order or under the terms of an order.
Section 25 of Chapter 78-300 provides:
This act shall take effect July 1, 1978 and shall apply to all claims arising out of injuries which occur on or after such date.
Prior to the enactment of these provisions, the employer was compelled to pay the lawful interest on a worker's compensation award from the date each installment was due and should have been paid. Parker v. Brinson Construction Co., 78 So.2d 873 (Fla. 1955). For example, the legal interest rate in Parker was, and is now, six percent. § 687.01, Florida Statutes (1979).
We read § 440.20(7) to provide for a specific interest rate in worker's compensation cases which supersedes the general provisions of § 687.01. Although a different rule may apply in other cases involving numerous debts maturing before and after a change in the lawful interest rate, e.g., Board of Public Instruction for County of Sumter v. Wright, 76 So.2d 863 (Fla. 1955), we hold that § 25 of Chapter 78-300 prohibits the application of the twelve percent interest rate to claims arising out of injuries occurring before July 1, 1978. Thus, the interest rate provided for in § 687.01 is applicable here.
Affirmed in part, reversed in part and remanded for further proceedings not inconsistent with this opinion.
MILLS, C.J., and McCORD, J., concur.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting.
I dissent from this court's retention of jurisdiction in this case, which arose outside the territorial jurisdiction of the court. See Crews v. Town of Bay Harbor, 378 So.2d 1265 (Fla.1st DCA 1979).
On the merits, I would concur in the majority's opinion.