WENTWORTH, Judge.
The employer/carrier appeals a worker’s compensation order entered November 2, 1978, which we affirm except as to the award of interest at 8% on past due compensation awarded for the period after August 23, 1977. Although W.C.R.P. Rule 21, on which appellant relies for a 6% rate, was repealed prior to the date on which the benefits in question accrued or became due, we conclude the facts and argument by the parties will permit no higher rate. § 55.-03(1), Florida Statutes; § 687.01, Florida Statutes; Miami-Dade Water & Sewer Authority v. Caravasios, 377 So.2d 56 (Fla.lst DCA 1979); Parker v. Brinson Construction Co., 78 So.2d 873 (Fla.1955).
As to interest, if any, on benefits accruing after July 1,1978, which is the effective date of § 440.20(9), Florida Statutes, appellee here (as in Miami-Dade Water & Sewer Authority v. Caravasios, supra) does not cite and we do not consider that provision. Our disposition of the issue in this case accordingly does not require agreement or disagreement with the ruling in F & A Concrete v. Perry, 379 So.2d 1015 (Fla.lst DCA 1980), insofar as it implies a substantive character for changes in interest rate provisions on delinquent compensation, so as to apply to such provisions an amendato-ry act’s limitation of applicability to prior accidents.
The order appealed is hereby modified to provide an interest rate of 6% instead of 8% and is otherwise affirmed.
ROBERT P. SMITH, Jr., and LARRY G. SMITH, JJ., concur.