387 So.2d 417 (1980)
Jerry R. MYERS, Appellant,
v.
CARR CONSTRUCTION CO. and Michigan Mutual Ins. Co., Appellees.
No. PP-373.
District Court of Appeal of Florida, First District.
August 4, 1980.
Rehearing Denied September 22, 1980.
*418 Clair F. White for Reed A. Bryan, of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for appellant.
Gerald T. Nolan, Fort Lauderdale, for appellees.
WENTWORTH, Judge.
Pursuant to Fla.R.App.P. 9.331(b), on motion of a member of the court, we have considered the present case en banc.
Claimant has appealed a workers' compensation order denying interest for past due benefits which were properly awarded. Interest should also have been awarded, payable from the date claimant should have received benefits. Parker v. Brinson Construction Co., 78 So.2d 873 (Fla. 1955).
As to the applicable rate of interest, the statutory provision in effect at the time of claimant's accident established a rate of 6%. § 687.01, Florida Statutes (1974); and former Rule 21, W.C.R.P. 1974. However, Chapter 78-300, Laws of Florida, amended § 440.20, Florida Statutes (1978 Supp.), to provide in subsection (7) an interest rate of 12%. Chapter 78-300 also provides, in Section 25, that the act shall apply to claims arising out of injuries occurring on or after July 1, 1978. While E & A Concrete v. Perry, 379 So.2d 1015 (Fla. 1st DCA 1980), indicates that Section 25 precludes the application of the 12% interest rate on any delinquent compensation for injuries which occurred prior to July 1, 1978, we now qualify that view in the case of interest on delinquencies accruing after that date. Under ordinary principles of construction, Section 25, Chapter 78-300, Laws of Florida, does not restrict application of provisions of the act which are remedial or procedural in character. We find no basis in the act or its history to indicate Section 25 was intended to alter the usual rule that after their effective date remedial enactments apply to remedies then invoked for currently accruing liability arising out of earlier events or claims. See, e.g., Tel Service Co. Inc. v. General Capital Corp., 227 So.2d 667 (Fla. 1969); National Bank of Jacksonville v. Williams, 38 Fla. 305, 20 So. 931 (1896); see also Walker & LaBerge Inc. v. Halligan, 344 So.2d 239 (Fla. 1977).
The opinion in E & A Concrete v. Perry, supra, does not indicate that the parties presented or that the court addressed the issue of whether § 440.20(7), Florida Statutes (1978), is a remedial or substantive provision. We conclude that this subsection is remedial insofar as it alters the interest rate on compensation improperly withheld after the amendment, and that the ruling in E & A Concrete v. Perry, supra, was correct only insofar as it involved interest on benefits which became delinquent before July 1, 1978. Interest payable for delinquencies accruing on or after July 1, 1978, is governed by § 440.20(7), Florida Statutes (1978), and is properly awarded at a rate of 12%.
The order appealed is hereby amended to award interest as indicated above, and is affirmed as so amended.
ROBERT P. SMITH, Jr., ERVIN, BOOTH, SHIVERS and SHAW, JJ., concur.
MILLS, C.J., and McCORD and LARRY G. SMITH, JJ., dissent.