393 So.2d 1156 (1981)
Lawrence COE, Appellant,
v.
KENTUCKY FRIED CHICKEN and St. Paul Fire & Marine Insurance Co., Appellees.
No. TT-248.
District Court of Appeal of Florida, First District.
February 6, 1981.
Rehearing Denied March 3, 1981.
Frank E. Maloney, Ft. Lauderdale, for appellant.
Eugene N. Betts, Ft. Lauderdale, for appellees.
THOMPSON, Judge.
The claimant challenges a workers' compensation Order, contending that the Deputy Commissioner ("the Deputy") erred by failing to rule on the issue of whether the claimant's loss of wage-earning capacity exceeded the extent of his physical impairment. We agree and reverse on this point.
Within a one-month period in 1976, the claimant was injured in two work-related accidents. He has not returned to work since then, although he unsuccessfully attempted to work in two different positions during April 1979. One physician testified that anatomically, the claimant experienced a 25% permanent partial disability ("PPD"). The Deputy later entered his Order, finding that the claimant "has an anatomical disability of 25% of the body as a whole... ." However, the Deputy also reserved jurisdiction to rule on the issue of the claimant's loss of wage-earning capacity, because "the claimant has not fully tested his capabilities at job employment ..., and in addition, rehabilitation ... has not been fully utilized."
Insofar as this case involves unscheduled injuries, § 440.15(3)(u), Fla. Stat. (1977), provides that disability "means either physical impairment or diminution of wage-earning capacity, whichever is greater." Here, the Deputy found that the claimant suffered a 25% physical impairment, *1157 and he ordered that compensation be paid based on this finding. However, he should have also ruled on the issue of whether the claimant's loss of wage-earning capacity exceeded a 25% anatomical PPD. The Deputy had no authority to reserve jurisdiction to rule on this issue. See Maffitt v. Henderson's Portion-Pak, Inc., 132 So.2d 410, 411-12 (Fla. 1961). See also Sanz v. Eden Roc Hotel, 140 So.2d 104 (Fla. 1962).
Accordingly, we reverse the Deputy's Order, but only to the extent that jurisdiction was retained to rule on the issue of loss of wage-earning capacity. All other portions of the Order are affirmed. In this respect, the Deputy found that the claimant's work search was inadequate, and there is competent substantial evidence to support this finding. Thus, the claimant was not entitled to PPD compensation based on loss of wage-earning capacity, see Brevard Bd. of Cty. Com'rs v. Caldwell, 379 So.2d 1031 (Fla. 1st DCA 1980), and his claim for such compensation must now be denied nunc pro tunc as of the date of the Deputy's Order.
We recognize that the claimant also argues that he is permanently and totally disabled. But after carefully reviewing the record, we find that the Deputy's determination of a 25% anatomical PPD is fully supported by competent substantial evidence. Finally, we note that if the claimant should maintain that his loss of wage-earning capacity subsequently exceeds a 25% PPD based on his physical impairment, the proper method for raising this point is via a petition for modification pursuant to § 440.28, Fla. Stat. See Maffitt, 132 So.2d at 412.
ROBERT P. SMITH, Jr., J., and WOODIE A. LILES (Ret.) Associate Judge, concur.