SHIVERS, Judge.
Employer/Carrier appeal a workers’ compensation order awarding claimant temporary disability benefits and permanent partial disability benefits and dismissing the employer/carrier’s claim for reimbursement against a subsequent employer. We affirm in part and reverse in part.
*1191 Although the employer/carrier have raised nine points on appeal, only three points merit discussion. First, the deputy commissioner erred in failing to adjudicate the amount and class of temporary disability benefits due the claimant. Garitson v. Rifenburg, 380 So.2d 1311 (Fla. 1st DCA 1980). Although the deputy commissioner found the claimant was temporarily disabled during periods he was not working from October 14, 1977, through June 18, 1979, the deputy commissioner failed to determine the time intervals during which the claimant was temporarily totally disabled or temporarily partially disabled and the amount of the temporary disability compensation to be paid the claimant. The issue of claimant’s entitlement to temporary disability benefits was ripe for adjudication and properly before the deputy commissioner and it was reversible error not to rule on the issue.
In reversing the failure of the deputy commissioner to adjudicate the issue of claimant’s temporary disability, we note that the employer/carrier have argued that claimant is not entitled to any temporary disability benefits between October 14,1977 and March 27, 1979, because he was working during this time. Although the record shows that the claimant was employed during portions of this time period, it also shows that he was not working during other portions. The claimant may be entitled to temporary total disability benefits during those times he was not working and he may be entitled to temporary partial disability benefits during those times he was working. Therefore, until the deputy commissioner makes a specific award of either temporary total disability benefits or temporary partial disability benefits, it is impossible for this court to determine whether there is sufficient evidence to support such an award.
The deputy commissioner further erred in retaining jurisdiction to increase or decrease the award of 75% permanent partial disability benefits depending upon the outcome of claimant’s rehabilitation. Coe v. Kentucky Fried Chicken, 393 So.2d 1156 (Fla. 1st DCA 1981); Sanz v. Eden Roc Hotel, 140 So.2d 104 (Fla.1962). Should either the employer/carrier or the claimant subsequently maintain that the claimant’s permanent disability has decreased or increased, the proper avenue for modification of a compensation award is a petition for modification pursuant to Section 440.28, Florida Statutes, rather than a deputy commissioner’s retention of jurisdiction. Maffit v. Henderson’s Portion-Pak, Inc., 132 So.2d 410 (Fla.1961); Coe, supra.
Additionally, the deputy commissioner awarded 12% interest on due but unpaid compensation payments. Although the issue of claimant’s entitlement to temporary disability benefits must be reversed for further consideration by the Deputy Commissioner, we note that the award of 12% interest on delinquent payments is correct only to the extent that it involves interest on benefits which accrued on or after July 1, 1978. Myers v. Carr Construction Co., 387 So.2d 417 (Fla. 1st DCA 1980); § 440.20(7), Florida Statutes (1978). The applicable legal interest rate on benefits which became delinquent prior to July 1, 1978, is 6% pursuant to the statutory provision in effect at the time of the claimant’s accident. § 687.01, Florida Statutes (1977); Myers, supra.
Accordingly, that portion of the order pertaining to the award of temporary disability benefits and retention of jurisdiction to increase or decrease the award of permanent partial disability benefits is reversed and remanded to the deputy commissioner for further consideration consistent with this opinion. The remaining points raised by the employer/carrier have been considered and are found to be without merit. All other portions of the appealed order are, therefore, affirmed.
AFFIRMED in part and REVERSED in part.
McCORD and JOANOS, JJ., concur.