394 So.2d 1112 (1981)
POOLE & KENT COMPANY and Reliance Insurance Company, Appellants,
v.
Norman ASBELL, Appellee.
No. VV-485.
District Court of Appeal of Florida, First District.
March 11, 1981.
*1113 Harold C. Knecht, Jr., Coral Gables, for appellants.
Anthony J. Scremin, Miami, for appellee.
THOMPSON, Judge.
This is an appeal and cross-appeal from a workers' compensation Order. We affirm in part and reverse in part.
On appeal, the appellants argue that the Deputy Commissioner ("the Deputy") erred in finding that the claimant suffered a compensable aggravation of a pre-existing coronary condition. After carefully reviewing the record herein, we have determined that there is competent substantial evidence to support the Deputy's finding, and therefore, that finding is affirmed.
The appellants also argue that the Deputy erred in reserving jurisdiction to rule on the issue of the claimant's loss of wage earning capacity. We agree and reverse.
The Deputy determined that the claimant suffered a 5% anatomical permanent partial disability ("PPD") attributable to his 1978 accident. However, the Deputy failed to rule on the issue of whether, under § 440.15(3)(c), Fla. Stat. (Supp. 1978), the claimant's loss of wage-earning capacity exceeded his 5% anatomical PPD. The Deputy reserved jurisdiction to rule on this issue, explaining that the claimant had not conducted a meaningful job search. The Deputy had no authority to reserve jurisdiction to rule on this issue, which was properly noticed and ready for adjudication. See Coe v. Kentucky Fried Chicken, 393 So.2d 1156 (Fla. 1st DCA 1981); see also Garitson v. Rifenburg, 380 So.2d 1311 (Fla. 1st DCA 1980). The claimant failed to demonstrate that his loss of wage-earning capacity exceeded his anatomical impairment, and therefore, his claim for disability compensation based on loss of wage-earning capacity must be denied nunc pro tunc as of the date of the Deputy's Order. See Coe, 393 So.2d 1156.
On cross-appeal, the claimant contends that the Deputy erred in not assessing penalties and/or interest payments against the appellants. As for the Deputy's non-assessment of interest, we reverse. If an employer/carrier unsuccessfully controverts *1114 a claim, an award of interest on the amount of benefits that should have been paid is automatic. See Top of the Home Restaurant v. Mourino, IRC Order 2-3490 (July 26, 1978); Parker v. Brinson Constr. Co., 78 So.2d 873, 875-76 (Fla. 1955).
As for the Deputy's non-assessment of penalties, we affirm. Sections 440.20(5) and (6) (Supp. 1978) clearly provide that penalties are not appropriate where an employer/carrier files a notice to controvert or a notice of appeal. Such notices were filed herein.
The claimant also contends that there was a scrivener's error in the Deputy's Order which deprived the claimant of two (2) months of temporary total disability ("TTD") benefits. The appellants have conceded that if the claimant has suffered a compensable injury (which he has), a scrivener's error was made. Moreover, the nature of this error is obvious. Accordingly, we modify the Deputy's Order so that the claimant will receive TTD benefits for the period of time from October 26, 1978 to December 12, 1979.
Finally, we note that the claimant has raised one other issue regarding a medical bill that was received by the claimant subsequent to the date that the Deputy entered his Order. However, since the Deputy has not ruled on whether this bill should be paid by the appellants, this court cannot consider the claimant's last issue.
The Deputy's Order is affirmed in part and reversed in part, and this cause is remanded for proceedings consistent with this opinion.
SHIVERS and SHAW, JJ., concur.