THOMPSON, Judge,
dissenting:
I dissent. I would reverse the order reserving jurisdiction to determine wage loss benefits.
The Deputy Commissioner (“the Deputy”) entered an Order, finding that the claimant had received a compensable injury on August 1, 1979. But the Deputy also found that without evidence of permanent partial physical impairment based upon the AMA Guide to the Evaluation of Permanent Impairment (AMA Guide), the claimant had failed to prove that he was entitled to wage-loss benefits under § 440.15(3)(b)(l), Fla.Stat. (1979). The Deputy ruled that such a failure of proof did not bar the claimant from submitting proper proof in the future, within the time limitations of Chapter 440, Fla.Stat. (1979). Jurisdiction was reserved to hear further evidence on this issue.
The employer/carrier (“the E/C”) appealed, arguing that the Deputy erred in failing to rule on the issue of wage-loss benefits. The claimant agrees that the Deputy erred in not ruling on this issue. The problem arises from the fact that the E/C contends that the Deputy should have denied wage-loss benefits because the claimant failed to prove his case. In contrast, the claimant submits that the Deputy should have granted wage-loss benefits because it was not necessary for the claimant to have a permanent partial physical impairment based upon the AMA guide as a prerequisite to an award of wage-loss benefits.
I agree with the parties that the Deputy should have ruled on the issue of wage-loss benefits. The claimant filed a claim for wage-loss benefits and other benefits on October 18,1979. On February 15,1980 the parties entered into a pre-trial stipulation that the benefits being claimed were wage-loss benefits and others. At the commencement of the final hearing on February 21, 1980, the Deputy told the attorneys for the parties to carefully look over the pre-trial stipulation, saying “we are going to trial on these issues and these issues alone.” Subsequent hearings were held on April 1, 1980 and April 16, 1980. Wage-loss benefits were at issue in the case from the time the claim was filed until the claimant’s attorney rested his case. Thus, the issue of wage-loss benefits was properly before the Deputy and was mature and ripe for adjudication. The Deputy should have ruled on the issue based on the evidence before him. See Garitson v. Rifenburg, 380 So.2d 1311 (Fla. 1st DCA 1980). He was not authorized to reserve jurisdiction or take further *1219 evidence on the question. Maffitt v. Hendersons Portion-Pak, Inc., 132 So.2d 410 (Fla.1961); Action Pool Builders, Inc. v. Grant, IRC Order 2-3743 (1979); Coe v. Kentucky Fried Chicken, 393 So.2d 1156 (Fla. 1st DCA 1981).
The remaining issue on appeal is whether there must be a finding of permanent partial impairment based on the AMA guide, before an award of wage-loss benefits can be made. Section 440.15(3)(a), Fla.Stat. (1979), covers permanent impairment and § 440.15(3)(b), Fla.Stat. (1979) covers wage-loss benefits. Section 440.15(3)(a)(3), Fla. Stat. (1979), requires that the AMA Guide be used for the purpose of determining permanent impairment until the division establishes a schedule in this regard. Section 440.15(3)(b)(l), Fla.Stat. (1979) provides in part that
Each injured worker who suffers any permanent impairment, which permanent impairment is determined pursuant to the schedule adopted in accordance with sub-paragraph 3. of paragraph (a), may be entitled to wage-loss benefits under this subsection, (e. s.)
The schedule referred to above was, at the time of the accident, the AMA guide. The language from the foregoing statute relating to wage-loss benefits requires that before wage-loss benefits may be awarded, the claimant must have established a permanent partial physical impairment based on the AMA guide.