McCORD, Judge.
Appellants, employer/carrier, appeal from the deputy commissioner’s order awarding appellee 30% permanent partial disability benefits based upon a loss of wage-earning capacity and awarding interest. We affirm in part and reverse in part.
On December 29, 1975, appellee suffered a back injury as a result of a work-related accident. After the accident, pursuant to a previous workers’ compensation order, ap-pellee received rehabilitation benefits to attend college. In that order, the deputy commissioner reserved jurisdiction to determine appellee’s entitlement to permanent partial disability benefits until after he had completed his rehabilitation program. After finishing college, appellee was employed as a teacher by appellant school board.
Appellant reached maximum medical improvement on March 10, 1977. Employer/carrier accepted a 10% permanent impairment rating given by appellee’s doctor and paid 10% permanent partial disability benefits accordingly. Appellee sought greater permanent disability benefits. In his April 1980 order, the deputy commissioner found that appellee is 30% permanently partially disabled based on a loss of wage-earning capacity. He ordered employer/carrier to pay the additional 20% permanent partial disability benefits, dating from 40 weeks following March 10, 1977. He further ordered employer/carrier to pay 6% interest, dating from 40 weeks after March 10, 1977, on the 20% additional benefits awarded.
The award of 6% interest on the additional 20% permanent partial disability from 40 weeks following March 10, 1977, was error. Section 440.20(9), Florida Statutes, provides:
In addition to any other penalties provided by this chapter for late payment, if any installment of compensation is not paid when it becomes due, the employer or carrier shall pay interest thereon at the rate of 12% per annum from the date the installment becomes due until it is paid, whether such installment is payable without an order or under the terms of an order. (Emphasis supplied.)
A permanent partial disability rating based on a loss of wage-earning capacity cannot become due until the claimant has demonstrated a loss of wage-earning capacity. Appellee herein had not demonstrated a loss of wage-earning capacity by March 10, 1977, as he was still enrolled in a rehabilitation program at that time, and he did not do so until the hearing before the deputy commissioner. Consequently, the additional 20% permanent partial disability payments did not become due until finality of the deputy commissioner’s order. Thus, interest is payable in this case only from the date of the deputy commissioner’s order, at the rate of 12%. Section 440.20(9), Florida Statutes. Compare Mander v. Concreform Company, 212 So.2d 631 (Fla.1968); Stone v. Jeffres, 208 So.2d 827 (Fla.1968), and Cantillo v. Gator Shoe Corp., 389 So.2d 1245 (Fla. 1st DCA 1980).
We have considered the remaining points raised and find them to be without merit.
Affirmed in part and reversed in part.
LARRY G. SMITH, J., and LILES, WOODIE A., Associate Judge (Retired), concur.