PER CURIAM.
This cause is before us on appeal from a workers’ compensation order awarding benefits based on a 70 percent permanent partial disability predicated on a loss of wage earning capacity. Claimant J.C. Parks contends that the Deputy Commissioner’s denial of permanent total disability was not supported by substantial competent evidence. We affirm this portion of the order, as there was sufficient evidence in the record that Parks failed to apply for available positions within his physical and mental capabilities. Thus, the Deputy Commissioner properly found that Parks’ work search was inadequate to show that employment was closed to him in the open labor market. See Mahler v. Lauderdale Lakes National Bank, 322 So.2d 507 (Fla. 1975). See also Coe v. Kentucky Fried Chicken, 393 So.2d 1156 (Fla. 1st DCA 1981).
The claimant also urges that the Deputy Commissioner erred in permitting *564 the employer/carrier to deduct a lump sum of $4,000 which Parks received as part of a settlement agreement relating to a prior injury. The order found that this amount was “previously paid permanency” which the employer was entitled to set off under Section 440.15(5)(c). However, the settlement agreement merely provided that the $4,000 was paid “for compensation, past, present, and future.” There is no evidence in the record to support the employer’s contention that the entire amount constituted permanent disability payments. Amounts received for temporary disability pursuant to a settlement agreement are not subject to deduction under Section 440.15(5)(c). Nunez v. Holiday Inn, 380 So.2d 472 (Fla. 1st DCA 1980). Accordingly, because ap-pellee failed to prove its entitlement to a deduction under the applicable statute, we reverse that portion bf the Deputy Commissioner’s order awarding the employer/carrier a $4,000 credit.
BOOTH, SHAW and WENTWORTH, JJ., concur.