PER CURIAM.
The employer/carrier appeal from orders of the Deputy Commissioner wherein he failed to rule on the claim for permanent disability benefits. We agree with the employer/carrier that the Deputy should have ruled on the permanent benefits and reverse.
The claimant was injured on July 24, 1979, while attempting to load a small tractor onto a truck. Dr. Kaplan felt that the claimant suffered a 15% permanent physical impairment, while Dr. Gibbons estimated a 5% impairment. Since the date of maximum medical improvement (MMI) was not determined prior to the hearing, counsel for the employer/carrier noted for the record that § 440.25(3)(a), Florida Statutes (1978 Supp.), prohibited maturation of a claim for loss of wage earning capacity until 90 days after a claimant reached MMI. He indicated that since the MMI date was an issue, the statute might or might not apply. The Deputy found that MMI was attained more than 90 days before the hearing, and found a 5% to 15% permanent physical impairment. He reserved jurisdiction to determine the issue of wage loss, although the appropriate standard was loss of wage earning capacity, and thus did not rule on permanent benefits. Counsel for the employer/carrier filed a motion for rehearing, alerting the court that wage loss was the wrong standard, and that the issue of permanent benefits was ripe for adjudication, but the Deputy’s revised order reserved jurisdiction to determine loss of wage earning capacity. When counsel filed a motion to amend the second order, the Deputy entered a third order staying execution of his previous orders.
Since MMI was reached more than 90 days prior to the hearing, the Deputy had no authority to reserve jurisdiction to determine loss of wage earning capacity which postponed ruling on permanent benefits, an issue which was ready for adjudication. Poole & Kent Co. v. Asbell, 394 So.2d 1112 (Fla. 1st DCA 1981).
Appellants argue that this court should order the Deputy to limit a permanent benefits award to between 5% and 15% because the claimant did not conduct a work search to enable the Deputy to find a greater percentage of disability based on loss of wage earning capacity. This issue is appealed prematurely because the Deputy has not addressed the amount of permanency, and this court should not restrict his decision beforehand.
*591 This case is reversed and remanded for action consistent with this opinion.
BOOTH, SHAW and WENTWORTH, JJ., concur.