MILLS, Judge.
The employer/carrier appeal and the claimant cross appeals from a deputy commissioner’s order awarding 50 percent permanent partial disability benefits based upon a physical and psychological impairment but reversing jurisdiction for the purpose of determining wage-earning capacity loss.
Four points are raised in this appeal but only one merits discussion. The employer/carrier argue the deputy erred in failing to dismiss claimant’s claim for wage-earning capacity loss since she failed to conduct a work search.
The claimant, in her cross-appeal, urges the deputy erred in reserving jurisdiction on her claim for wage-earning capacity loss because the medical evidence established that she was unable to work; therefore, no work search was needed, and the deputy should have found her permanently and totally disabled. We affirm the deputy’s order except as to the issue concerning his reservation of jurisdiction, which we reverse.
The issue of wage-loss benefits was properly before the deputy and was mature and ripe for adjudication. He therefore, should have ruled on the issue based on the evidence before him. “The deputy had no authority to reserve jurisdiction to rule on this issue, which was properly noticed and ready for adjudication.” Poole and Kent Co. v. Asbell, 394 So.2d 1112 (Fla. 1st DCA 1981); Coe v. Kentucky Fried Chicken, 393 So.2d 1156 (Fla. 1st DCA 1981).
Although claimant failed to conduct a work search, there is medical evidence indicating she is unable to work. “As a matter of law, a claimant’s recovery cannot be predicated upon wage-earning capacity loss criteria absent an adequate job search or its excusal.” City of Hollywood v. Castora, 380 So.2d 1148 (Fla. 1st DCA 1980).
We, therefore, remand to the deputy commissioner for a finding on the record presently before him as to claimant’s wage-earning capacity loss, if any, in excess of her anatomical impairment and a finding of whether claimant’s lack of a work search is excused in this case.
ROBERT P. SMITH, Jr., C.J., and McCORD, J., concur.