408 So.2d 842 (1982)
Rejoice BRAZIL, Appellant,
v.
SCHOOL BOARD OF ALACHUA COUNTY and Lumbermen's Mut. Casualty Co., Appellees.
No. AC-188.
District Court of Appeal of Florida, First District.
January 21, 1982.
Thomas W. Davis, Law Offices of Barton, Cox & Davis, Gainesville, for appellant.
Barry D. Graves, of Ritch & Graves, P.A., Gainesville, for appellees.
ROBERT P. SMITH, Jr., Chief Judge.
Claimant appeals an order of the deputy denying him interest on past-due permanent partial disability benefits paid by the employer/carrier only after an unsuccessful appeal to the Industrial Relations Commission of the original workers' compensation award. The order before us also denied claimant penalties for the employer/carrier's failure to pay this interest at any time after the appellate decision. We reverse.
On March 16, 1978, the deputy awarded claimant permanent partial disability benefits for a 1974 compensable injury based on a 50 percent loss of wage earning capacity. *843 Challenging any compensation above the 20 percent physical impairment rating, the employer/carrier appealed the award. The Industrial Relations Commission affirmed. The employer/carrier then, on February 5, 1979, promptly paid claimant 59 weeks of back benefits due, but refused to pay interest on this amount, which was demanded by the claimant and pursued before the deputy.
Once the Industrial Relations Commission affirmed the award of the basic compensation benefits, the employer/carrier was required to pay them, with interest from the date they should have been paid. Parker v. Brinson Construction Co., 78 So.2d 873 (Fla. 1955). As the Supreme Court pointed out in Parker, an interest award is not a penalty but compensatory damages to the worker for the wrongful withholding of basic benefits during the period the worker sorely needed those funds and may have borrowed money repayable with interest to support himself.
In this case, some 12 weeks of benefits were due when the deputy entered his original order in March 1978. The interest allowance on benefits ultimately found due at the time of that order and thereafter was not tolled during appellate review. Stone v. Jeffres, 208 So.2d 827 (Fla. 1968); Pinellas County School Board v. Rapson, 401 So.2d 907 (Fla. 1st DCA 1981). The interest on back benefits due at the time of the order and each biweekly installment due thereafter accrued from the appropriate due date at the general statutory rate of 6 percent for delinquencies arising before July 1, 1978. Section 687.01, Fla. Stat. (1977). Interest on biweekly benefits due on or after July 1, 1978 and before February 5, 1979, accrued from the appropriate due dates at a rate of 12 percent under the specific workers' compensation interest provision in § 440.20(7) (1978 Supp.). Myers v. Carr Construction Co., 387 So.2d 417 (Fla. 1st DCA 1980). On remand the deputy will determine this lump sum of interest that was due at the time the original order was affirmed on appeal. Since that lump sum of interest was not paid when the past due benefits were paid on February 5, 1979, ending the accrual of interest on the underlying benefits, claimant continued to be entitled to interest at 12 percent on this lump sum unpaid, beginning on the date it became fixed by payment of the underlying benefits and continuing through this appeal to the date of full payment. § 440.20(7), Fla. Stat. (1978 Supp.); § 440.20(9), Fla. Stat. (1981). On remand the deputy will also calculate and award this further interest.
In addition to unpaid interest, claimant seeks a penalty under § 440.20(6) (1978 Supp.) for the employer/carrier's failure to pay the lump sum of interest, accrued on the underlying benefits paid February 5, 1979, within 20 days of the IRC's affirmance of the basic compensation order. We agree that the worker is entitled to a 20 percent penalty on the amount the deputy calculates is due as interest. As claimant points out, a penalty should be imposed to prevent employers from refusing to pay interest when due in the hope the amount involved is too small for a claimant to pursue. See also Torres v. Eden Roc Hotel, 238 So.2d 639, 642 (Fla. 1970). The 20 percent penalty is to be assessed not only on the amount of interest that should have been paid when the underlying benefits were paid, or in any event within 20 days after the IRC order became final, but also on the additional interest now derived from the carrier's failure, from then until now, to pay the interest debt then accrued.
In other words, we hold that interest accrued on due and unpaid compensation benefits until those benefits were paid; that when the award of underlying benefits was affirmed by the IRC, accrued interest was immediately payable in a lump sum as additional compensation, which itself now draws interest because it is still not paid; and that, because that interest debt was and is a still-growing sum payable under the terms of Chapter 440, as a result of the IRC affirmance, the 20 percent penalty is to be assessed on the amount finally to be fixed as the carrier's interest obligation.
Therefore, the deputy's order denying interest and penalties is REVERSED and REMANDED *844 for calculation of interest and penalties due in accord with this opinion. Since these amounts should have been awarded, the deputy's denial of attorney's fees below is also reversed, and fees for those services, excluding this appeal which we have separately compensated, will be awarded on remand.
LARRY G. SMITH and WIGGINTON, JJ., concur.