LARRY G. SMITH, Judge.
In this worker’s compensation appeal, the wife of a deceased employee appeals an order denying her claim for a penalty under Section 440.20(8), Florida Statutes (1979)[1] and interest. We reverse.
The employee died from injuries received in a compensable accident which occurred on May 17,1978. Later, the parties entered into a joint stipulation for lump sum washout settlement in the amount of $26,500.00. Although the settlement was approved by the deputy commissioner on January 9, 1980, payment was not made until February 12,1980. A subsequent claim for a penalty under Section 440.20(8) was made and re- *942 suited in an order awarding the widow $5,250.00. The employer/carrier appealed the award and this court affirmed. M.E.F. Corp. v. Binimelis, 399 So.2d 136 (Fla. 1st DCA 1981). The mandate was issued May 7, 1981, but the employer/carrier did not pay the penalty until December 1, 1981.
The employee’s widow filed another claim seeking a further penalty of $1,050.00 for the late payment of the $5,250.00 awarded by the deputy. She also sought interest on $5,250.00 from June 5,1980 until December 1,1981, and interest on $1,050.00 from May 7, 1981 until this amount was paid. The deputy entered an order determining that claimant was entitled to interest on the $5,250.00 in the amount of $468.61. However, he declined to award claimant the additional $1,050.00 sought or interest on that amount, reasoning that a penalty cannot be due on a penalty.[2]
Initially, appellant urges that the deputy erred in only awarding $468.61 in interest.[3] She contends, and we agree, that effective July 1,1978, interest is due at the rate of 12% on all amounts due and owing after that date. Myers v. Carr Construction, 387 So.2d 417 (Fla. 1st DCA 1980). Admittedly, prior decisions of our court might have led the deputy to believe that the applicable rate of interest was 6%. See, E & A Concrete v. Perry, 379 So.2d 1015 (Fla. 1st DCA 1980). However, in Myers, this court clarified the Perry decision and held that interest payable for delinquencies accruing on or after July 1, 1978, is governed by Section 440.20(7), Florida Statutes (1978) [now Section 440.20(9), Florida Statutes (1981) ] and is properly awarded at the rate of 12%.[4]
Next, appellant contests the deputy’s failure to award an additional penalty under Section 440.20(8) because the employer/carrier failed to pay the $5,250.00 until December 1, 1981. Appellant contends the $5,250.00 awarded by the deputy on June 5, 1980 meets the definition of compensation set out in Section 440.02(11), Florida Statutes (1979),[5] and therefore she is entitled to another penalty of 20% of the $5,250.00, or $1,050.00, for the employer/carrier’s late payment. On the other hand, the employer/carrier analogize the payment under Section 440.20(8) to a payment of nursing services, the late payment of which this court has already ruled does not result in the award of a penalty. Cox Oil and Sales Inc. v. Boettcher, 410 So.2d 211 (Fla. 1st DCA 1982).
In Boettcher, this court held that the payment of nursing services is not “compensation,” within the meaning of Section 440.20(8). However, the Boettcher case is distinguishable. It is readily apparent that the payment of nursing services is not a money allowance payable to an employee or to his dependents but is instead a payment usually made for the benefit of other individuals. See, W. Jackson and Sons Construction Co. v. Dudley, 374 So.2d 1074 (Fla. 4th DCA 1979); Brantley v. A.D.H. Building Contractors, 215 So.2d 297 (Fla.1968).
Unlike the payment of nursing services, the 20% payment under Section 440.20(8) is primarily designed to compensate a claimant for the injuries he may have suffered as a result of a delinquency. Lockett v. Smith, 72 So.2d 817 (Fla.1954). In Lockett, the Supreme Court held that the sum recovered under Section 440.20(6) [the predecessor of Section 440.20(8) ] is “compensation” *943 within the meaning of Section 440.34(1), and that the claimant was entitled to recover a reasonable attorney’s fee for his successful prosecution of a claim for the additional 20% delinquency payment. The 20% delinquency payment is different from other penalties awarded under Chapter 440 in this important respect. For instance, the penalty provided for in Section 440.54, Florida Statutes (1979) for the employment of minors is primarily considered to be a penalty against the employer and only secondarily to be a benefit to the unlawfully employed minor. Ferlita v. Florida Art Stucco Corporation, 74 So.2d 893 (Fla.1954).
Accordingly, since the dominant purpose of the 20% payment under Section 440.20(8) is to compensate the employee, it follows that failure to pay the penalty under Section 440.20(8) amounts to a failure to compensate claimant so that a further 20% delinquency payment is due on the amount the employer/carrier fails to pay. This court has held that payment of the statutory penalty may be excused where, under the totality of the circumstances, there is an equitable basis for doing so. Crowell v. South Broward Hospital District, 378 So.2d 801 (Fla. 1st DCA 1979). The deputy commissioner made no finding of an equitable basis for excusing the penalty here, and nothing has been pointed to in the record that would support such a finding.
REVERSED and REMANDED.
ERVIN and SHIVERS, JJ., concur.

. Section 440.20(8), Florida Statutes (1979), provides:
(8) If any compensation, payable under the terms of an award, is not paid within 20 days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20% thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had as provided in s. 440.25.

. No citation of authority is given for this proposition.

. It is not entirely clear from the record how the deputy arrived at this interest figure. Presumably, the deputy computed interest at the rate of 6%.

. Although the employer/carrier did not cross-appeal challenging the propriety of awarding interest on the penalty provided for in Section 440.20(8), they contend before us that an award of any interest on the $5,250.00 amount is improper since that amount does not constitute an award of “basic benefits.” Parker v. Brinson Construction Company, 78 So.2d 873 (Fla.1955). This argument is unavailing. See, Stone v. Jeffres, 208 So.2d 827 (Fla.1968).

.Section 440.02(11), Florida Statutes (1979) provides:
(11) “Compensation” means the money allowance payable to an employee or to his dependents as provided for in this chapter.