ERVIN, Judge.
Of the three issues raised by appellants, only their challenge to the judge of compensation claim’s denial of a penalty, sought pursuant to the provisions of Section 440.20(8), Florida Statutes (1985), is meritorious. Despite the issuance of this court’s mandate on July 29, 1988, following an earlier appeal from an order awarding death benefits, the employer/carrier failed to pay the sums owed until September 28, *963 1988, more than 30 days after our opinion had become final, contrary to section 440.-20(8). Accordingly, appellants are entitled to be awarded a 20 percent penalty on the amount paid ($16,532.42) on September 28, 1988. See Binimelis v. M.E.F. Int’l Corp., 424 So.2d 941 (Fla. 1st DCA 1983); Jones v. Cling Elec., Inc., 397 So.2d 767 (Fla. 1st DCA 1981). Appellants are similarly entitled to interest on the unpaid penalty from August 29, 1988, when the compensation was due, until the penalty is paid. § 440.20(9), Fla.Stat. (1985).
The remaining points raised by appellants are affirmed without discussion.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
NIMMONS and ZEHMER, JJ., concur.