578 So.2d 620 (1991)
DELCHAMPS, INC. and Liberty Mutual Insurance Company,
v.
Diane BAYGENTS.
No. 07-CC-59373.
Supreme Court of Mississippi.
March 27, 1991.
Rehearing Denied May 3, 1991.
*621 James B. Galloway, Galloway & Galloway, Gulfport, for appellant.
Bobby G. O'Barr, Biloxi, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and McRAE, JJ.
ROY NOBLE LEE, Chief Justice, For the Court:
Delchamps, Inc. and Liberty Mutual Insurance Company have appealed from an order of the Second Judicial District of the Circuit Court of Harrison County, which affirmed a decision of the Workers' Compensation Commission awarding Diane Baygents compensation, interest, and penalties. They present three issues to be decided by this Court.

FACTS
On November 15, 1979, Baygents injured her back while employed by Delchamps, Inc., as a meat cutter. On November 20, 1985, an Administrative Judge found she was entitled to temporary total disability benefits from March 23, 1980, to January 4, 1981, and permanent partial disability benefits from January 5, 1981, for a period not exceeding 450 weeks. A 10% penalty was also imposed on all permanent partial disability benefits not timely paid pursuant to Miss. Code Ann. § 71-3-37(5) (1972).
The order was affirmed upon review by the Full Commission. Delchamps failed to perfect an appeal to the circuit court and the Full Commission Order became final on January 17, 1987.
On February 20, 1987, Delchamps attempted to comply with the order by paying Baygents $25,997.33 ($18,758.86  accrued permanent disability, $4,596.96  8% interest, $2,641.51  10% penalty for the full 450 weeks). Delchamps' payment, however, was not made within the 14 day period required by Miss. Code Ann. § 71-3-37(6) (1972). Realizing that the payment was untimely, Delchamps paid an additional 10% penalty of $2,641.51 on March 11, 1987, to meet the 20% penalty imposed by § 71-3-37(6).
On March 16, 1987, Baygents filed a Motion for 20% Penalty. Baygents claimed that the 10% and the 20% penalties provided for under § 71-3-37 were separate. She claimed that the 20% penalty should be awarded on the entire award which included the permanent partial benefits, the interest, and the 10% penalty.
*622 On June 16, 1987, the Commission sustained Baygents' motion. On September 23, 1987, the Full Commission affirmed the order sustaining the motion.
Delchamps appealed the order to the circuit court. The circuit court affirmed the Commission's order and allowed Baygents 15% statutory damages on the sum awarded in the order in addition to the amount still owing under the order.
Delchamps appealed the decision of the circuit court to this Court with supersedeas. Delchamps did not raise any errors as to any findings of fact. The only issues raised deal with the application of statutes imposing penalties.

I. CAN BOTH THE 10% AND 20% PENALTIES PROVIDED FOR IN MISS. CODE ANN. § 71-3-37 (1972) BE IMPOSED UPON THE SAME INSTALLMENTS OF COMPENSATION?

II. CAN THE PENALTIES BE IMPOSED UPON ANYTHING OTHER THAN UNPAID WEEKLY INSTALLMENTS OF COMPENSATION?

LAW
Miss. Code Ann. §§ 71-3-37(5) and 73-3-37(6) (1972) impose penalties against the employer for failure to pay benefits due the injured worker:
(5) If any installment of compensation payable without an award is not paid within fourteen (14) days after it becomes due, as provided in subsection (2) of this section, there shall be added to such unpaid installment an amount equal to ten percent (10%) thereof, which shall be paid at the same time as, but in addition to, such installment unless notice is filed under subsection (4) of this section, or unless such nonpayment is excused by the commission after a showing by the employer that owing to conditions over which he had no control such installment could not be paid within the period prescribed for the payment.
(6) If any installment payable under the terms of an award is not paid within fourteen (14) days after it becomes due, there shall be added to such unpaid installment an amount equal to twenty percent (20%) thereof, which shall be paid at the same time as, but in addition to, such compensation unless review of the compensation order making such award is had. (emphasis added)
The Commission's order in part on the motion for 20% penalty follows:
It is contended by claimant that since defendants did not perfect the appeal of the FULL COMMISSION ORDER within the 30-day appeal period, that defendants are liable for an additional 20% penalty and that defendants' payment of $2,641.51 is not in accordance with the 20% penalty provision in Miss. Code Ann., Section 71-3-37(6) (1972). The Commission agrees.
It is uncontradicted that defendants discontinued payment of compensation benefits to claimant January 5, 1981, the date claimant reached maximum medical improvement and the date claimant was entitled to permanent partial disability benefits of $58.20 per week.
It is well settled that any installment of compensation payable without an award is subject to a 10% penalty when such installment is not paid within 14 days after it becomes due. Miss. Code Ann., Section 71-3-37(5) (1972). Stated in other terms, the 10% penalty applies to those installments of compensation becoming due between the due date of the first installment and the date the Commission makes its first award of compensation. Southern Engineering & Electric Co. v. Chester [226 Miss. 136] 84 So.2d 535 (Miss. 1956).
As to the 20% penalty on the unpaid installments, Miss. Code Ann., Section 71-3-37(6) (1972) provides:
If any installment payable under the terms of an award is not paid within fourteen (14) days after it becomes due, there shall be added to such unpaid installments an amount equal *623 to twenty per centum (20%) thereof, which shall be paid at the same time as, but in addition to, such compensation unless review of the compensation order making such award is had. (emphasis supplied).
The record reflects that on February 20, 1987, defendants forwarded its first payment for permanent partial disability benefits to claimant. This payment as admitted by defendants is subject to Miss. Code Ann., Section 71-3-37(6) (1972) since defendants' payment was made some 30 days after it became due.
Therefore the Commission is of the opinion that claimant is entitled to a statutory penalty of 10% pursuant to Miss. Code Ann., Section 71-3-37(5) (1972) and a 20% penalty pursuant to Miss. Code Ann., Section 71-3-37(6) (1972).
The Commission awarded Baygents a 10% penalty of $1,493.50 and a 20% penalty of $4,969.86. The 10% penalty was imposed on the installments of compensation due from January 4, 1981, until the date of the judgment on November 20, 1985. The judgment became final on January 17, 1987, when Delchamps failed to perfect an appeal. At that time, the installments of compensation were "payable under the terms of an award." Delchamps failed to make any payments until February 20, 1987, defaulting on the 14 day requirement established in § 71-3-37(6).
In Southern Engineering & Electric Co., et al. v. Chester, et al., 226 Miss. 136, 84 So.2d 535 (1956), this Court held:
Where the employer fails to controvert the right to compensation within fourteen days from the date of knowledge of injury or death, ... and later raises a defense or defenses when claim is subsequently filed, ... and the Commission makes an award of compensation, as it did in this case on August 10, 1954, the ten percent penalty under Code Section 6998-19(e) applies to those installments of compensation becoming due between the due date of the first installment ... and the date the Commission makes the award of compensation. After an award has been made in such case, any penalty for failure to make timely payments of installments becoming due thereafter would be governed by Code Section 6998-19(f).

Id. at 151-52, 84 So.2d at 536 (emphasis added)[1].
The Full Commission relied on the reasoning adopted by Florida since its 20% penalty provision and its definition of compensation are essentially identical to those of the Mississippi Workers' Compensation Act. Compare Miss. Code Ann. §§ 71-3-3(j), 71-3-37(6) (1972) with Fla. Stat. §§ 440.02(6), 440.20(8) (1991). As noted in the Full Commission's Order, the Florida case of Binimelis v. M.E.F. International Corp., 424 So.2d 941 (Fla. Dist. Ct. App. 1983) is persuasive. In Binimelis, the claimant sought the assessment of a 20% penalty pursuant to Fla. Stat. § 440.20(8) (1979), for the employer's and carrier's failure to timely pay a previously imposed penalty. The court held that the previously imposed penalty was compensation since "the 20% payment under Section 440.20(8) is primarily designed to compensate a claimant for injuries he may have suffered as a result of a delinquency". Binimelis, at 942. See also Lockett v. Smith, 72 So.2d 817 (Fla. 1954).
In J.H. Moon & Sons v. Hood, 244 Miss. 564, 144 So.2d 782 (1962), this Court was presented with the question of whether the 20% penalty should be imposed on medical benefits. This Court said:
The statute provides for a penalty on "any installment, payable under the terms of an award." This has reference to weekly installments of compensation benefits, according to its own terms, and not to medical expenses. The word "installment" means "a portion of a debt or sum of money which is divided into portions that are made payable at different times." Webster's International Dictionary (2d Ed.) p. 1287. Medical expenses *624 do not fall within this definition. Moreover, provisions for penalties are strictly construed. Doubtful questions as to them are resolved in favor of the one against whom the penalty is sought.

J.H. Moon, at 572, 144 So.2d at 784 (emphasis added). See also International Paper Co. v. Kelley, 562 So.2d 1298, 1302 (Miss. 1990). But see Bowen v. Magic Mart of Corinth, 441 So.2d 548, 550 (Miss. 1983).
Medical benefits are not involved in this penalty question before the Court today. We are of the opinion that the installments before the award had become vested in the claimant. These installments were reduced to judgment together with interest and the 10% penalty. When Delchamps failed to pay those vested installments (judgment) within 14 days after the award of the Commission became final, the 20% penalty applied to the vested installments and judgments, including interest and penalties, as well as to installments due after the award by the Commission.[2]
The judgment of the lower court is affirmed as to issues one and two.

III. CAN A 15% PENALTY BE IMPOSED UNDER MISS. CODE ANN. § 11-3-23 (Supp. 1990) ON AN APPEAL TO THE CIRCUIT COURT FROM THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION?
The circuit court affirmed the Full Commission's order and assessed a statutory penalty of 15% upon Delchamps pursuant to Miss. Code Ann. § 11-3-23 (Supp. 1990).
The answer to this issue appears in Miss. Code Ann. § 11-3-23 (Supp. 1990) itself, the Statutory Penalty Act. That section and penalty do not apply to an appeal from the Mississippi Workers' Compensation Commission to the circuit court. Furthermore, there is no provision for such a penalty under Miss. Code Ann. § 71-3-51 (1972) which gives the circuit court the authority to review an order of the commission.
Issue number three has merit and as to such issue the judgment of the lower court is reversed and judgment rendered here in favor of the appellant, Delchamps.
AFFIRMED IN PART. REVERSED AND RENDERED IN PART AND REMANDED TO THE WORKERS' COMPENSATION COMMISSION.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] Code 1942, §§ 6998-19(e) and (f) were the predecessors of Miss. Code Ann. §§ 71-3-37(5) and (6) (1972).
[2] The 20% penalty on all amounts before the award pale into insignificance as being punitive for Delchamps, who wilfully violated its obligation under the statutes.