SHIVERS, Judge.
This appeal is from a workers’ compensation order adjusting the claimant’s average weekly wage retroactively and denying payment of a chiropractor’s bills. We reverse.
Shirley Scudder suffered a compensable injury in the course of her employment at Rainbow Video, which was owned by Sandra Miller. Scudder was paid temporary total disability benefits from November 3, 1989, through March 5, 1990. Her average weekly wage (AWW) was $102.79; her weekly compensation rate was $68.53.
Scudder was placed on temporary partial disability on March 6, 1990, when she was released for light duty work. The carrier sent Scudder a letter stating that Scudder’s authorized physician indicated she was able to return to light duty work, and she was instructed to conduct a job search. The letter stated job search forms were enclosed.
Scudder began visiting a chiropractor named Dr. Wittmer for treatment. Miller sent two letters to the carrier stating that she authorized treatment by Dr. Wittmer. The carrier would not authorize treatment by Dr. Wittmer, but it gave Scudder a list of authorized chiropractors. Relying on the letters of authorization from Miller, Scudder continued treatment with Dr. Witt-mer. Dr. Wittmer has not been paid for the treatment.
On May 3,1990, Scudder filed a claim for benefits requesting a determination of the correct AWW, backpayment based on the correct AWW, authorization and payment of Dr. Wittmer’s treatment, and penalties, costs, interest and attorney’s fees. Scud-der asked for wage loss benefits “from [the date of accident] to present and continuing.” She sought adjustment of the AWW on the basis she received — among other fringe benefits — a meal allowance while working at Rainbow Video. The carrier’s position was that all benefits due have been paid.
On August 23, 1990, a hearing was conducted on the claim. Scudder testified there were no job search forms accompanying the letter instructing her to conduct a job search. She said she nevertheless conducted a job search and recorded all the information involved in the search on a piece of white paper, and she sent the information to the carrier. Scudder testified she looked for a job two or three times a week until she began treatment at a rehabilitation center. Scudder had not been paid benefits since March 5, 1990, other than mileage. The carrier’s representative who handled Scudder’s claim testified he did not authorize Dr. Wittmer or receive wage loss forms from Scudder.
The Judge of Compensation Claims (JCC) found that Scudder “received indemnity benefits from November 30, 1989, to the present time.” The decretal portion of the final order states
1. The employer/carrier shall adjust the claimant’s average weekly wage to include the $15.90-a-week weekend meal allowance. The claimant’s former average weekly wage was $102.79 with a corresponding compensation rate of $68.53. With the adjustment, the average weekly wage should be $118.69 and a compensation rate of $79.13.
*300 2. The employer/carrier shall pay the claimant back wage loss benefits to reflect this adjustment in the average weekly wage.
3. The employer/carrier shall not be liable for any medical bills incurred as a result of treatment by a deauthorized health care provider, Dr. Scott Wittmer.
4. Jurisdiction is reserved for the purpose of determining issues relating to attorney’s fees and costs.
Three of Appellant’s arguments have merit. First, the JCC’s finding that Scudder was paid “benefits from November 30, 1989, to the present time” is not supported by competent substantial evidence. It is undisputed that no wage loss benefits were paid to Scudder after March 5, 1990.
Second, the JCC twice refers to Dr. Wittmer as a deauthorized health care provider in the final order. However, there is no evidence that the carrier complied with — or attempted to comply with — the deauthorization requirements of section 440.13(2)(a), Florida Statutes (1989).
Third, the JCC should have awarded interest. “An award of interest on the amount of benefits which should be paid is automatic where the employer/carrier unsuccessfully controverts a claim.” Winn-Dixie Stores v. Morgan, 533 So.2d 783, 784 (Fla. 1st DCA 1988); see also, Spenco Indus. v. Molano, 537 So.2d 1016 (Fla. 1st DCA 1988).
We therefore reverse and remand with directions to (1) rule on the issue of whether Scudder conducted an adequate job search and is therefore entitled to wage loss benefits from March 6, 1990, and continuing, (2) order payment for Dr. Witt-mer’s treatment of Scudder, and (3) rule on the issues of interest and penalties. We affirm the adjustment to the AWW.
AFFIRMED in part, REVERSED in part, and REMANDED.
ZEHMER and WEBSTER, JJ., concur.