MICKLE, Judge.
The Employer/Carrier (E/C) appeal an order of the judge of compensation claims (JCC) assessing 1) statutory interest on benefits, 2) interest on all accrued interest, and 3) 20 percent penalties. Given the particular facts of the case sub judiee, Claimant has provided no authority, and our independent research has produced none, justifying the award of penalties. Accordingly, we must reverse that portion of the order awarding *602 penalties. See § 440.20(8), Fla.Stat. (1991). The order is affirmed in all other respects, including the award of statutory interest and interest on accrued interest. See § 440.-20(9), Fla.Stat. (1991); Parker v. Brinson Construction Co., 78 So.2d 873 (Fla.1955); Brazil v. School Board of Alachua County, 408 So.2d 842 (Fla. 1st DCA 1982).
This cause arose on a 1988 claim for benefits as a result of an industrial accident that occurred on June 18, 1986. The E/C discontinued temporary total disability benefits on February 8, 1987. In the final hearings held on October 24, 1990 and February 26, 1991, Claimant made no assertion regarding any entitlement to interest and penalties. In a March 12,1991 final order, the JCC awarded temporary partial disability (TPD) benefits commencing February 9, 1987. The order did not address interest and penalties, and no rehearing was sought.
The E/C appealed from that final order, which was per curiam affirmed on January 24, 1992, 593 S.2d 1055. Thereafter, the mandate issued and the E/C presented Claimant with a check for $78,944.90 on March 23, 1992. That amount represented 267 weeks of benefits plus interest from the date of the March 1991 order awarding benefits. In response to Claimant’s subsequent demand for interest for the period from the February 9, 1987 (date of TPD) through the March 12, 1991 final order, as well as penalties, the JCC solicited legal memoranda from the parties on the issues of interest and penalties.
In a second order, dated June 17,1992, the JCC required the E/C to do as follows:
1. Pay claimant interest on all [TPD] benefits for the period February 9,1987 up to March 12, 1991 at the statutory rate of 12 percent per annum.
2. Pay claimant interest on all accrued interest from February 9, 1987 until said interest is paid at the statutory rate of 12 percent per annum.
3. Pay claimant a 20 percent penalty on all interest that is due when said accrued interest is finally paid.
(Emphasis in original.) From that order the E/C timely appealed.
The E/C contend that Claimant waived any entitlement to interest and penalties. In support of their challenge to the assessment of 20% penalties, the E/C cite several decisions that expressly or impliedly relied on § 440.20(7), Fla.Stat., in holding that an award of penalties was inappropriate “unless specifically claimed prior to the conclusion of the prosecution of the claim” before the JCC. See, e.g., Perkins Restaurant v. Cruz, 541 So.2d 1279, 1281 (Fla. 1st DCA 1989); La Croix Constr. Co. v. Bush, 471 So.2d 134, 137 (Fla. 1st DCA 1985); Pantry Pride v. Carter, 413 So.2d 865 (Fla. 1st DCA 1982) (reversing order assessing penalties against e/c, where claimant had waived entitlement by failing to claim penalties, and e/c were denied an opportunity to be heard). Cf. Kennedy v. Marcona Ocean Industries, 451 So.2d 530 (Fla. 1st DCA 1984); Mezquita v. Florida Steel Corp., 419 So.2d 675 (Fla. 1st DCA 1982) (affirming order that failed to adjudicate issue of claimant’s entitlement to interest and penalties, where such benefits were claimed in the pretrial stipulation but the omission in the order was never raised before the JCC within the § 440.25(4)(a), Fla.Stat., time available for correction). The E/C correctly note that § 440.20(7) expressly acknowledges that a claimant can waive the right to a 10 percent “punitive penalty,” to be assessed against an e/c, by not specifically and timely claiming that right following the e/c’s untimely payment of compensation for disability. However, given the particular facts of the case sub judiee, we hold that statutory subsection (8), rather than (7), applies to the issue of whether the 20 percent penalties assessed against the E/C were allowable.
§ 440.20(8), Fla.Stat. (1991), states:
If any compensation, payable under the terms of an award, is not paid within 30 days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 percent thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had as provided in s. 440.25.
(Emphasis added.) The compensation payable under the terms of the JCC’s March 12, 1991 order awarding TPD benefits “became *603 due” following the issuance of the appellate mandate affirming the award, and the E/C timely paid the amount of penalties due under subsection (8). Cf. Steinbrecher v. Better Constr. Co., 587 So.2d 492 (Fla. 1st DCA 1991) (reversing 'portion of order denying claim for 20% penalties on lump-sum settlement amount paid beyond 30-day deadline); Etheridge v. McKenzie Tank Lines, Inc., 557 So.2d 962 (Fla. 1st DCA 1990) (claimant was entitled to an award of a 20% penalty under § 440.28(8), where the e/c failed to pay the sums due until more than 30 days after issuance of the mandate).
The issue of statutory interest is governed by § 440.20(9), Fla.Stat. (1991), which provides:
In addition to any other penalties provided by this chapter for late payment, if any installment of compensation is not paid when it becomes due, the employer, carrier, or servicing agent shall pay interest thereon at the rate of 12 percent per year from the date the installment becomes due until it is paid, whether such installment is payable without an order or under the terms of an order. The interest payment shall be the greater of the amount of interest due or $5.
Subsection (9) essentially codified Parker v. Brinson Construction Co., 78 So.2d at 873, in which the supreme court enunciated the public policy underlying the entitlement to statutory interest:
The fact that there is an honest and bona-fide dispute as to whether the debt is actually due has no bearing on the question. The rule is that if it is finally determined that the debt was due, the person to whom it was due is entitled not only to the payment of the principal of the debt but to interest at the lawful rate from the due date thereof....
We see no reason why the same principle should not be made to apply, so far as interest is concerned, where the carrier fails to pay an award when it should have been paid.
Id. at 874-75. In Etheridge, where the e/c’s payment of the sums owed following issuance of the mandate was untimely, we held the claimant was entitled not only to 20 percent penalties under subsection (8), but also to statutory interest on the unpaid penalty from the date 30 days after the compensation was due, pursuant to subsection (9). For reasons already stated, we find the instant case to be factually distinguishable from Etheridge, so an award of interest on unpaid penalties would have been inappropriate.
Claimant concedes that the E/C paid regular statutory interest back to the date of the March 1991 final order when they paid the 267 weeks of benefits dating back to February 9,1987. The dispute centers on whether the E/C owed additional interest for the period February 9, 1987, to the March 12, 1991 order. Claimant relies on Parker v. Brinson Construction Co. in asserting that statutory interest is “inherent” in the Workers’ Compensation Act. The JCC agreed with Claimant, ordering the E/C to pay interest calculated from February 9, 1987, when the TPD benefits were “due.” We find support for Claimant’s position in Wimu-Dizie Stores v. Morgan, 533 So.2d 783, 784 (Fla. 1st DCA 1988), in which we reversed the deputy commissioner’s failure to award interest and stated: “An award of interest on the amount of benefits which should be paid is automatic where the E/C unsuccessfully controvert the claim.” See Scudder v. Rainbow Video, 591 So.2d 298, 300 (Fla. 1st DCA 1991); Poole & Kent Co. v. Asbell, 394 So.2d 1112, 1113-14 (Fla. 1st DCA 1981).
As to the award of interest on accrued interest, the JCC relied on Brazil, 408 So.2d at 842. We believe the facts amply support that award.
For the reasons stated above, we reverse the award of 20 percent penalties and affirm the order in all other respects.
AFFIRMED in part and REVERSED in part.
BARFIELD and WOLF, JJ., concur.