420 So.2d 911 (1982)
BREVARD COUNTY MENTAL HEALTH CENTER and St. Paul Fire & Marine Insurance Company, Appellants,
v.
Marlene Kelly, Appellee.
No. AK-123.
District Court of Appeal of Florida, First District.
October 21, 1982.
Rehearing Denied November 5, 1982.
*912 C. Anthony Schoder, Jr. of Smith, Schoder & Rouse, Daytona Beach, for appellants.
Catherine A. Riley of Blumenthal, Schwartz & Riley, Titusville, for appellee.
MILLS, Judge.
The employer/carrier appeal the final order of the deputy commissioner awarding temporary total disability benefits and attorney's fees to claimant Kelly.
The employer/carrier raises the following issues:
I. Whether the deputy commissioner erred in finding that the claimant sustained "an accident" within the meaning of the act.
II. Whether the deputy commissioner erred in finding that claimant was temporarily totally disabled from July 3, 1980, through July 10, 1980.
III. Whether the deputy commissioner erred in awarding an attorney's fee which is out of proportion to the benefits secured.
IV. Whether the deputy commissioner erred in finding that the employer/carrier acted in "bad faith."
Claimant worked for Brevard County Mental Health Center for seven years as a medical records clerk. On the weekend of June 14-15, 1980, the employer's premises were recarpeted and the buildings were left closed without benefit of air conditioning. On Monday morning, June 16, when the claimant and other record employees arrived for work, the odor from the new carpet was so strong and offensive that normal breathing of the stale air caused the employees to have allergic reactions and varying degrees of discomfort.
The employer attempted to alleviate the problem by opening the doors and windows and allowing the employees to take frequent breaks outside the building. The following week, June 23-27, the odor began to dissipate but employees still took occasional breaks outside the building.
The claimant worked June 23, 24, and 25, but her symptoms persisted and she took off June 26 and 27. The claimant's condition improved over the weekend and she returned to work on Monday, June 30. During the week of June 30 the claimant worked Monday, Tuesday, and Wednesday, but again her symptoms persisted when she was around the carpet, and she did not return to work on Thursday, July 3.
During this third week following the carpet installation, the problem with regard to other employees had abated to the point that employees were no longer going outside the building to take breaks. It was during this third week that the employer asked Kelly to see an allergist. An appointment was scheduled with Dr. Leifer on July 10. Kelly did not return to work the week of July 7. By the time she saw Dr. Leifer on July 10, she was feeling well and had no symptoms. Dr. Leifer diagnosed claimant's condition as an allergic, chemical irritant reaction to some unknown ingredient in the carpet. The doctor prescribed various medications for claimant and instructed her to return to work to determine whether the medications would successfully alleviate her problems.
Kelly returned to work on Monday, July 14. On July 15 Kelly left after working six hours, complaining that her medications had not blocked her symptoms. She did not return thereafter. By July 17 the employer had received the allergist's report indicating that the claimant was to return to work and, if necessary, her primary work location might need to be relocated to avoid proximity to the new carpet. Kelly was advised that if she did not return to work on July 18 she would be suspended. When she failed to respond on the 18th, she was advised that if she did not come in to make arrangements for an alternative work location, she would be terminated on July 24. Kelly was contacted by her employer on *913 July 21, but on the advice of her lawyer she refused to return. Kelly was terminated on July 24, 1980.

ISSUE I:
Although this case is novel on its facts, there is support for a finding of compensable accident based on a theory of exposure as defined by Festa v. Teleflex, 382 So.2d 122 (Fla. 1st DCA 1980). An analogous case comes from Mississippi. Hardin's Bakeries v. Ranager, 64 So.2d 705 (Miss. 1953). There, a baker was allergic to a mitten he was required to use in handling hot pans of bread. The court held the baker was disabled from an accidental injury resulting from his exposure. This case is cited in the Florida case of Czepial v. Krohne Roofing Company, 93 So.2d 84 (Fla. 1957), where a compensable accident was found under the exposure theory when a roofer subject to constant inhalation of dust and fumes developed acceleration or aggravation of his pre-existing tubercular condition. The Czepial case was in turn favorably cited in Festa. Using the Festa three-pronged test, the only element not clearly present is "prolonged" exposure. Even though the ten-day exposure period is relatively short when compared to the factual situation in other Florida exposure cases, it was prolonged enough to precipitate the claimant's physical problems. This factual situation involved a series of occurrences, the cumulative effect of which is injury. This is an alternative definition of accident under an exposure theory as defined by Festa. Affirmed.

ISSUE II:
The employer/carrier's argument is without merit. Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981), and the other cases cited by the employer/carrier stand only for the proposition that an award of temporary total disability must be based either on medical evidence or on evidence of conscientious effort to return to work. In this case there is competent substantial evidence of both. The fact that Dr. Leifer's diagnosis was based on the history provided by claimant should not render it incompetent. Assuming that Dr. Leifer's testimony was insufficient, claimant made a conscientious effort to return to work on two occasions. The employer/carrier would have claimant purposefully and continuously expose herself to the very environment which caused her injury in order to be eligible for temporary total disability benefits. Affirmed.

ISSUE III:
The attorney's fee awarded in this case is grossly out of proportion with the schedule established by Section 440.34, Florida Statutes (1979). Although the deputy commissioner may depart from this schedule under circumstances enumerated in the statute, the order must reflect that he considered all of the relevant, prescribed factors to the extent that circumstances permit. In this case the deputy commissioner appears to have based his determination solely on the number of hours expended by claimant's attorney. A similar situation resulted in reversal and remand in the case of Roundtree Transport, Inc. v. Godek, 412 So.2d 66 (Fla. 1st DCA 1982), which found the articulated reasons given by the deputy commissioner insufficient to justify the disparity between the statutory fee and the awarded fee. This would be especially true in the case at bar. Here, claimant's attorney testified that her noncontingency fee was normally $60 per hour, and yet her award was on the basis of $100 per hour. Also, the expert witness at the attorney's fee hearing based his figure partially on the alleged bad faith of the employer/carrier in this case. There is no such criteria listed in the statute. Reversed and remanded to the deputy commissioner for a determination of a reasonable attorney's fee under the criteria of the statute.

ISSUE IV:
The issue of the employer/carrier's bad faith was not specifically asserted in the parties' stipulation of the issues; nor was it specifically asserted at the outset of the hearing, nor was it specifically asserted *914 during the hearing; nor did the deputy's order explain the bad faith he found. There being no contention of bad faith nor meaningful hearing on this issue, the attorney's fee awarded claimant on this basis is error. Embry-Riddle Aeronautical University v. Vestal, 399 So.2d 1033 (Fla. 1st DCA 1981). However, there is competent substantial evidence to support the award on the basis of Section 440.34(3)(c), Florida Statutes. Affirmed.
Affirmed in part and reversed in part.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.