533 So.2d 783 (1988)
WINN-DIXIE STORES and Crawford and Company, Appellants/Cross-Appellees,
v.
William MORGAN, Jr., Appellee/Cross-Appellant.
No. 87-1378.
District Court of Appeal of Florida, First District.
August 24, 1988.
Rehearing Denied November 30, 1988.
Jeffrey A. Cramer, of Law Offices of Jeffrey A. Cramer, Pensacola, for appellants/cross-appellees.
*784 Samuel W. Bearman, of Cetti, McGraw & Bearman, Pensacola, for appellee/cross-appellant.
SHIVERS, Judge.
The employer/carrier (E/C) in this workers' compensation case appeal an order awarding the claimant temporary total disability benefits from the date of accident, medical expenses, attorney's fees, and costs, based on a finding of compensability under the repeated trauma theory of Festa v. Teleflex, Inc., 382 So.2d 122 (Fla. 1st DCA 1980). The claimant cross-appeals the deputy's failure to award interest on the compensation and medical benefits. We affirm the issue on appeal, and reverse the issue on cross appeal.
In Festa, this court reviewed the principles related to the award of compensation benefits for injuries arising both from prolonged exposure to deleterious substances (such as dust, fumes, mercury, and intense heat) and from repeated minor traumas (such as constant strain or repeated twisting and turning). In summarizing those principles, we stated that in order for a claimant to recover under the exposure theory, he must show:
(1) prolonged exposure, (2) the cumulative effect of which is injury or aggravation of a pre-existing condition and (3) that he has been subjected to a hazard greater than that to which the general public is exposed. Alternatively, he must demonstrate a series of occurrences, the cumulative effect of which is injury.
382 So.2d at 124. The court found that these same theories were to be applied in cases involving injuries resulting from repeated trauma.
The claimant in the instant case was a 13-year employee of Winn-Dixie Stores, whose job history there included a variety of tasks such as stocking shelves, bagging groceries, unloading trucks, moving carts of frozen foods, and cleaning and stocking produce counters. On June 24, 1986, claimant experienced severe pain in his wrist while opening the store safe. An x-ray taken several days later revealed that the claimant was suffering from a collapsed lunate  one of the small bones of the wrist  and from Kienbock's disease, a disease which causes gradual death of the lunate, eventually leading to its collapse. Although the medical evidence presented at the compensation hearing conflicted in several respects, we find competent substantial evidence in the record from which the deputy could have properly concluded that the type of work performed by the claimant during his employment with Winn-Dixie led to the development of his Kienbock's disease and, therefore, that claimant's injury was compensable under the "alternative" theory expressed in Festa. We therefore affirm the deputy's finding of compensability.
We reverse the deputy's failure to award interest on claimant's compensation benefits. An award of interest on the amount of benefits which should be paid is automatic where the E/C unsuccessfully controvert the claim. Poole & Kent Company v. Asbell, 394 So.2d 1112 (Fla. 1st DCA 1981).
MILLS and WIGGINTON, JJ., concur.