WENTWORTH, Judge.
Employer/carrier seek review of a workers’ compensation order by which an attorney’s fee was awarded. Claimant cross-appeals. We find that entitlement to an attorney’s fee was properly established, but that the order does not indicate a sufficient consideration of the various statutory criteria with regard to the amount of the fee. We therefore affirm the order as to the finding of entitlement, but reverse and remand for further action as to the amount of the fee.
Claimant sustained an industrial injury and was accepted by employer/carrier as permanently totally disabled. He subsequently requested a motorized wheelchair and attendant care by his spouse. Employer/carrier did not furnish these benefits, and a hearing was eventually held upon a formal claim. Although asserting that they were not contesting entitlement, employer/carrier maintained that they had inadequate medical evidence to support these benefits. They further suggested that claimant had impeded their investigation by failing to fully cooperate with his physicians. After evidence was presented at the hearing the deputy awarded the requested wheelchair and attendant care, and reserved jurisdiction as to claimant’s attorney’s fee.
An attorney’s fee hearing was thereafter held, and the deputy awarded a fee in accordance with section 440.34(3)(a), Florida Statutes, for employer/carrier’s unsuccessful resistance of the claim for medi *1100 cal benefits. The evidence established that employer/carrier was placed on notice of claimant’s desire for the wheelchair and attendant care, together with facts and circumstances indicating both need and entitlement. While claimant was not entirely cooperative with every one of his physicians, he complied with employer/carrier’s request for further medical evaluation and did not impede their investigation. However, employer/carrier did not pursue this investigation with sufficient effort and initiative to fairly and expeditiously determine their responsibility as required by Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982). The deputy was entitled to conclude that employer/carrier had exceeded any reasonable period of prompt investigation, and is responsible for claimant’s attorney’s fee pursuant to section 440.-34(3)(a). See generally, Sistrunk v. City of Dunedin, 513 So.2d 200 (Fla. 1st DCA 1987).
In establishing the amount of the fee the deputy noted the number of hours expended by claimant’s attorney, and determined the resulting fee in accordance with an hourly rate. The deputy’s order does not adequately address the other criteria described in section 440.34(1), Florida Statutes. While a fee order may not always need to expressly address every one of these criteria, cf., Haucke v. Oxford Development, 507 So.2d 712 (Fla. 1st DCA 1987), the order should generally reflect the deputy’s consideration of these factors, and must indicate the basis for a fee award which departs from the statutory percentage formula. See Florida Power & Light Co. v. Haycraft, 421 So.2d 674 (Fla. 1st DCA 1982). In the present case the deputy awarded an amount which is nearly three times that which would result from the statutory percentage formula. Although the attorney’s “time and labor” is one of the statutory factors to be considered, this court has disallowed other departures from the percentage formula when based solely upon the number of hours expended. See e.g., Brevard County Mental Health Center v. Kelly, 420 So.2d 911 (Fla. 1st DCA 1982). In the context here presented, the deputy’s order does not reflect a sufficient consideration of the section 440.34(1) attorney’s fee criteria, nor does it delineate an adequate basis for exceeding the amount which would result from the statutory percentage formula.
In valuing the benefits which claimant’s attorney secured the deputy considered only such benefits as were furnished “to date.” While the evidence was not definite as to the length of time claimant will need the full amount of attendant care awarded, the award was made on a “continuing” basis. On remand the deputy may consider whether some value should be accorded to this future benefit in determining the amount to be awarded as an attorney’s fee.
The order appealed is affirmed as to the finding of entitlement to an attorney’s fee. The order is reversed as to the amount of the fee awarded, and the cause is remanded.
NIMMONS and MINER, JJ., concur.