ERVIN, Judge.
Appellant, Juanita Daugherty, seeks review of a compensation order denying her workers’ compensation benefits based upon a finding that appellant’s back injury was a result of the natural progression of a preexisting back condition, rather than the result of repetitive trauma connected with her employment. We agree with appellant that there is an absence of competent, substantial evidence to support the judge’s order and therefore reverse and remand.
Appellant, a 52-year-old woman, was, at all times material hereto, employed by Red Lobster as a waitress. In 1983 she suffered a noncompensable herniated disc at L4-L5, which developed spontaneously, and which required surgery. Following that surgery, although appellant had some working and lifting restrictions, she returned to work for the employer and eventually added a second job at Wendy’s. Although appellant suffered from some back problems during 1984, her condition remained basically unchanged until May 1986.[1] At that time Red Lobster required its waitresses to switch from using “arm service”[2] to “tray service.”[3] Almost immediately thereafter, appellant began to experience back problems. At first she complained of nagging backaches; later she complained of constant, severe pain. She was subsequently diagnosed as having a ruptured disc at L4-L5, which required a second surgery. Appellant filed a claim with Red Lobster, seeking benefits on the theory that the tray service caused repetitive trauma to her back, which subsequently resulted in her back injury. The claim was denied. Hence, this appeal.
To recover under the repetitive trauma theory, the claimant must show:
1) [Prolonged exposure, 2) the cumulative effect of which is injury or aggravation of a pre-existing condition and 3) that he has been subjected to a hazard greater than that to which the general *173 public is exposed. Alternatively, he must demonstrate a series of occurrences, the cumulative effect of which is injury.
Festa v. Teleflex, Inc., 382 So.2d 122, 124 (Fla. 1st DCA), review denied, 388 So.2d 1119 (Fla.1980). See also Winn-Dixie Stores v. Morgan, 533 So.2d 783, 784 (Fla. 1st DCA 1988).
Applying the above test to the facts at bar, it is evident that the judge erred in determining that appellant failed to satisfy the necessary elements of the repetitive trauma theory to prove a compensable claim. First, the use of tray service started in May 1986 and continued beyond September 1986, when appellant first began to complain of severe back pain. This period of four or five months is sufficient to satisfy the element of prolonged exposure. See Brevard County Mental Health Center v. Kelly, 420 So.2d 911 (Fla. 1st DCA 1982) (ten days of exposure to chemicals, which caused an allergic reaction); Festa (claimant worked two-man job .alone for period of 45 days).
The second prong of the test — the cumulative effect of the prolonged exposure resulting in an injury or aggravation of a preexisting condition — was proven in this case by the testimony of both appellant and her treating physician, Dr. Inga. It was appellant’s unrefuted testimony that she was able to work after she had recovered from the 1983 back injury with little problem and that her condition only began to worsen after the institution of tray service. Dr. Inga’s medical records support this testimony in that they indicate that from July 1984 until July 1986, he never treated appellant for back pain. Additionally, Dr. Inga testified that it was his opinion the appellant’s condition deteriorated during the period from March 1986 through September 1986 and that the most probable and logical cause of her condition was the repeated lifting of heavy trays during appellant’s work at Red Lobster.
Although the judge stated in his order that he found “no convincing evidence that the claimant’s disc protrusion was a result of the repet[i]tive trauma of the ‘tray service’ ... but find, rather, that it was a natural progression of the symptomatic back,” this amounts not only to a rejection of appellant’s testimony for the bare reason that she was not credible, but also to a rejection of a physician’s unrefuted medical testimony without sufficient reason, both of which are error. See Philpot v. City of Miami, 541 So.2d 680 (Fla. 1st DCA 1989); Olsen v. Wellcraft Marine Corp., 540 So.2d 878 (Fla. 1st DCA 1989); Calleyro v. Mt. Sinai Hosp., 504 So.2d 1336 (Fla. 1st DCA), review denied, 513 So.2d 1062 (Fla.1987); Giaramita v. Dade County School Bd., 484 So.2d 1312 (Fla. 1st DCA 1986).
The third prong of the Festa test relating to appellant’s exposure to a hazard greater than that to which the general public is exposed was established by the fact that appellant was required in her job to carry heavy, three-foot trays laden with food above her head. See Orlando Precast Prods. v. Ciofalo, 501 So.2d 1326 (Fla. 1st DCA 1986) (truck driver was required to lift heavy hoses daily and was repeatedly bounced while sitting in the cab when driving); Brevard County Mental Health Center v. Kelly, 420 So.2d 911 (Fla. 1st DCA 1982) (claimant exposed to chemical irritant in newly installed carpet at claimant’s workplace).
In addition to having satisfied the three-pronged test, appellant has also proved her case under the alternative theory set forth in Festa, by showing a series of occurrences, the cumulative effect of which is injury. See Winn-Dixie Stores v. Morgan, 533 So.2d 783 (Fla. 1st DCA 1988).
In sum, because the judge erroneously rejected the unrefuted testimony of both appellant and her treating physician, and because the evidence presented established a compensable injury under a theory of repetitive trauma, the compensation order denying benefits is reversed and remanded for further consistent proceedings.
NIMMONS and ZEHMER, JJ., concur.

. In 1985, appellant did sustain injuries at Wendy's when she fell on her face, cracking her chin, stretching her right arm and bruising her chest. Based upon the history claimant provided to Dr. Inga in 1987, Dr. Inga described the injury as "a hyperextension type of injury to her lumbar spine.” However, the record does not disclose that appellant was treated for any back injury in connection with the 1985 incident.

. Arm service involves lining up three or four plates on an arm and carrying those plates to the customer's table.

. Tray service involves placing all the meals for one order on a circular tray, approximately three feet in diameter, and carrying that tray above the head with one arm. The waitress would then, by twisting and turning her body, place the tray on a tray jack and serve the customers from the tray.