JOANOS, Judge.
Jeanette Sewell has appealed an order of the judge of compensation claims finding that she had not suffered a compensable injury under the prolonged exposure theory stated in Festa v. Teleflex, Inc., 382 So.2d 122 (Fla. 1st DCA 1980). Specifically, the judge found that Sewell had failed to show that she was subjected to a hazard greater than that to which the general public is exposed. We reverse.
Sewell worked for J.C. Penney as a hairdresser. Her job required that she work directly under an air conditioning vent while standing on a hard floor with her arms and hands consistently raised above shoulder level. While Sewell requested and received relocation of her work station away from the vent, the general atmosphere of the hairdressing salon was described by the employer as “very” cold.
After approximately two years of this employment, Sewell began suffering from neck and shoulder pain. She was diagnosed by Dr. Bailes as suffering from C-5, 6 disc syndrome with radiculitis, and thoracic outlet syndrome. It was Bailes’ opinion, within reasonable medical probability, that these conditions directly related to Se-well’s working conditions, primarily the combination of excessive air conditioning and standing on hard flooring. He also testified that people who work with their arms and hands raised, as Sewell did, tend to develop the conditions from which she was suffering.
Sewell filed a claim for remedial medical care and payment of Dr. Bailes’ past bills. The judge specifically found, based on *1336 Bailes’ testimony, that Sewell’s condition was causally related to her work exposure to the combination of air conditioning, standing on hard flooring, and working with raised arms. However, he went on to find that the condition was noncompensable under Festa. Specifically, the judge held that Sewell had shown prolonged exposure, the cumulative effect of which was injury. However, noting that air conditioning and hard flooring were common aspects of life, the judge found that she had failed to demonstrate that she was subjected to a hazard greater than that to which the general public was exposed. Festa at 124. We disagree.
The “hazard” prong of the Festa test does not require a claimant to show that he or she was subjected to a condition unique to his employment, but rather that his workplace exposure to that condition is materially in excess of that undergone by the general public. See, e.g., City of Miami v. Tomberlin, 492 So.2d 433 (Fla. 1st DCA 1986) (“hazard” prong met by showing of regular exposure to common but excessive downtown noise and air pollution). Here, although exposure to air conditioning and hard flooring is common, Se-well was exposed to “very cold” air conditioning and standing on hard flooring, in combination, for the entirety of her work day. Further, working constantly with arms elevated above shoulder level clearly exceeds the performance of such movement by the general public.
Based on the foregoing, we find that the judge erred in holding Sewell’s condition noncompensable for failure to meet the Festa hazard test. We reverse and remand for further proceedings consistent with this opinion.
WENTWORTH and ALLEN, JJ., concur.