594 So.2d 836 (1992)
Harold JOHNSON (D/B/a Same Day Delivery Service) and Nationwide Mutual Insurance Co., Appellants,
v.
June C. KNIGHT, Appellee.
No. 91-417.
District Court of Appeal of Florida, First District.
February 27, 1992.
*837 Steven C. Davis and Jonathan L. Alpert of Alpert, Josey & Grilli, P.A., Tampa, for appellants.
Susan W. Fox of McFarlane, Ferguson, Allison & Kelly, Tampa and Dean Burnetti, H. Guy Smith, P.A., Lakeland, for appellee.
SMITH, Judge.
The employer/carrier appeal an order of the judge of compensation claims awarding claimant benefits for the back injury she suffered in her employment as a truck driver/delivery person. We affirm the points raised without discussion and write briefly to address the appellants' contention that claimant did not prove her entitlement to recover under a repetitive trauma theory.
To recover under this theory, the claimant must show:
(1) [P]rolonged exposure, (2) the cumulative effect of which is injury or aggravation of a pre-existing condition and (3) that he has been subjected to a hazard greater than that to which the general public is exposed. Alternatively, he must demonstrate a series of occurrences, the cumulative effect of which is injury.
Festa v. Teleflex, Inc., 382 So.2d 122, 124 (Fla. 1st DCA), rev. denied, 388 So.2d 1119 (Fla. 1980).
The three prongs of the test were met by the testimony of claimant and her treating chiropractor. Claimant, who had undergone a diskectomy in 1982 to repair a ruptured disc, testified that her duties required her to work variable hours spending many hours sitting in the seat of a diesel truck. She would make anywhere between five and twelve deliveries in a given day. She delivered items as small as envelopes and as large as dishwashers. Although these items were normally loaded onto the truck by a forklift, she would often have to assist in the securing of these items in the truck. Upon making a delivery, claimant would frequently assist in the moving of these items to the rear of truck so they could be unloaded. Many times the claimant would actually carry items weighing in excess of 25 to 30 pounds from the truck when she would make deliveries.
Claimant testified that her back problems continually worsened while working for the employer. In November and December, 1989, she worked long hours and drove a standard transmission truck three days in a row. It was extremely difficult for her to shift the gears and reach the clutch. On or about December 15, she was hurting so bad that she called the office and had the employer send a relief driver, and a fellow employee took her home.
On December 28, 1989, she picked up some papers from a law office in Winter Haven and delivered them to a title company in Lakeland. She had to park a distance from the building and, because of the lateness of the hour, had to hurry. When she got inside, she sat down to wait. As she was sitting down, she dropped the papers. When she reached down to pick them up, she felt her back "grab." This was claimant's last day of work.
She went to see Dr. Koerner, a board certified general practitioner, who treated her from December 1989 through April 1990. He testified that claimant was not capable of working during the period that he treated her. He opined there is a high potential for re-injury after a laminectomy, especially with activities requiring twisting or moving objects weighing over twenty pounds. Because he thought claimant had objective signs of serious injury, he referred her to Dr. Mozingo, the doctor who performed her previous diskectomy, for a neurological evaluation.
Dr. Mozingo found no indication of permanent injury. However, Dr. Mozingo did not send claimant for any additional tests, and, according to claimant, performed a *838 physical exam lasting only a matter of minutes. Furthermore, the judge specifically addressed the testimony of Dr. Mozingo in his order and gave valid reasons for discrediting his opinions.
The judge below based his decision largely on the testimony of Dr. Parker, who became claimant's treating chiropractor after she had been seen by Dr. Mozingo. Dr. Parker opined that claimant's back condition precluded her from working. In his testimony at the hearing he causally related the claimant's condition to the repetitive micro-trauma she suffered at work  the long hours of riding in the truck with bouncing and vibration, moving heavy items back and forth in the truck, as well as the repetitive lifting. In his opinion the incident of picking up papers did not cause claimant's injury. While it is not required in every case that there be expert testimony as to the hazard prong, it is noteworthy that Dr. Parker testified that truck drivers have a higher incidence of low back pain than any other profession.
In short, the judge's conclusion that claimant was entitled to recover under the repetitive trauma theory is supported by the evidence and case law. See Daugherty v. Red Lobster, 550 So.2d 171 (Fla. 1st DCA 1989) (waitress, who suffered ruptured disc as a result of repetitive trauma to back due to tray service duties of her job, entitled to recover). See also Orlando Precast Products v. Ciofalo, 501 So.2d 1326 (Fla. 1st DCA 1986) (requirement that claimant show employment condition exposed him to a greater risk of injury than that to which he is exposed in his nonemployment life met by evidence that claimant, a truck driver, was subjected on a daily basis to prolonged sitting and bouncing while driving, twisting, turning and lifting the body to enter and exit the truck, and lifting heavy rubber hoses to fill and empty the tank); and Winn-Dixie Stores v. Morgan, 533 So.2d 783 (Fla. 1st DCA 1988) (finding of compensable wrist injury under repeated trauma theory supported by evidence that claimant's job history included variety of tasks such as stocking shelves, bagging groceries, unloading trucks, moving carts of frozen foods, and cleaning and stocking produce counters).
AFFIRMED.
ZEHMER and ALLEN, JJ., concur.