647 So.2d 301 (1994)
Ken ALVAREZ, Appellant,
v.
CITY OF TAMPA and Alexsis Risk Management, Appellees.
No. 93-2292.
District Court of Appeal of Florida, First District.
December 15, 1994.
*302 James R. Hooper and Peter D. Weinstein of O'Brien & Hooper, P.A., Tampa, for appellant.
Stephen M. Barbas and L. Gray Sanders, Asst. City Attys., Tampa, for appellees.
ZEHMER, Chief Judge.
In this worker's compensation appeal, the judge of compensation claims denied Ken Alvarez's claim for benefits based on the repeated trauma theory, ruling that Alvarez did not prove that he was subjected to the claimed trauma on a "`constant,' `excessive,' daily exposure to the various risks," and thus failed to prove "that the activities which formed the basis of the physicians['] opinions were of a quality and quantity to comport with the spirit of the concept of repetitive trauma as detailed by the likes of Czepial,[[1]] Worden,[[2]] and Festa.[[3]]" In so ruling, the judge misconstrued and misapplied the pertinent law. Consequently, we are constrained to reverse and remand for further proceedings.
Ken Alvarez worked as a firefighter for the City of Tampa for 25 years. During that period of time, he sustained four discrete injuries to his lower back, none of which required any significant treatment or prolonged period of recuperation. However, over the course of his career, Alvarez's disks in his lower back began to degenerate to such an extent that by 1992, Alvarez was advised by his physician to change to another line of work. The medical evidence as a whole relates the cause of the disk degeneration to Alvarez's duties as a firefighter, and, in particular, to his "repetitive heavy work."
In denying the claim for repetitive trauma, the judge of compensation claims reviewed a number of leading decisions addressing repetitive trauma injuries. After considering and comparing the factual circumstances in Czepial v. Krohne Roofing *303 Company, Worden v. Pratt and Whitney Aircraft, and Festa v. Teleflex, Inc., the judge concluded that these decisions had a "common thread" running through them that essentially requires a showing of "excessive, constant, daily minor traumas." The judge expressly found that Alvarez had worked as a fireman for 25 years, and that
[h]is responsibilities generally included fighting fires, rescue operations, and treatment of trauma victims. He would have to pull on hoses; set up ladders; rescue individuals from situations such as motor vehicle accidents and burning buildings; carry people from buildings; and occasionally fall through roofs.
However, because it was not shown that Alvarez engaged in such activities every day, the judge concluded that Alvarez had not shown the occurrence of "excessive, constant, daily minor traumas" but, instead, had shown only "a general history of `heavy' work over a 25 year period." We conclude that the judge erred in fashioning from the cited cases such a restrictive test, with undue emphasis on a daily exposure, and applying it to deny benefits in this case.
The significance of Czepial, Worden, and Festa lies in the recognition of the rule of law whereby a claimant could overcome the obstacle of proving that a discrete accident occurred within the meaning of the Workers' Compensation Act when a debilitating injury resulted instead from repeated minor traumas extending over a period of time. Festa, 382 So.2d at 123. See also, Larson, The Law of Workmen's Compensation, § 39.40, pp. 7-422 to -423 (1993). To establish a claim for repeated trauma, the claimant must show 1) prolonged exposure to a condition or activity, 2) the cumulative effect of which is injury or aggravation of a pre-existing condition, and 3) that claimant thereby has been subjected to a hazard greater than that to which the general public is exposed. Alternatively, the claimant must demonstrate a series of occurrences, the cumulative effect of which is injury. Festa, 382 So.2d at 124.
While we agree with the judge that compensability of a medical condition under this theory cannot be based solely on the inherent nature of a particular occupation, the judge erred in limiting its application strictly to instances where the claimant is subjected to such conditions or activities on a constant, daily basis. On the contrary, a claimant can carry the burden of proving requisite causation between his injury and repeated trauma within any job context by establishing through lay and medical testimony the three elements or the alternative element under the above-enunciated test. Proof that the employee was repeatedly exposed to a condition or activity during the course of employment that caused a series of traumas to the employee as a result of which the employee sustained an injury such as shown in this case, is legally sufficient to support an award of benefits under the repeated trauma theory. See, e.g., Johnson v. Knight, 594 So.2d 836 (Fla.1st DCA 1992) (evidence supported finding that bouncing and vibration, moving heavy objects, and repetitive lifting caused truck driver's back injury and supported finding of compensability under repetitive trauma theory); Winn-Dixie Stores v. Morgan, 533 So.2d 783 (Fla.1st DCA 1988) (finding of compensable injury under repeated trauma theory sufficiently supported by evidence that type of work performed by claimant during his 13-year employment with grocery store led to development of wrist disease). Exposure to the alleged condition or activity on a constant daily basis or intermittently on a weekly basis serves as proof of causation, but such facts are not the controlling consideration; they must be considered with the evidence as a whole, including medical testimony regarding causation, when determining whether the alleged injury was caused by repeated traumas. The order denying benefits is reversed and this cause remanded for reconsideration of the evidence consistent with this opinion. The judge may receive additional evidence if that is deemed appropriate to reaching a just resolution of the claim.
REVERSED and REMANDED.
KAHN and VAN NORTWICK, JJ., concur.
NOTES
[1] Czepial v. Krohne Roofing Company, 93 So.2d 84 (Fla. 1957).
[2] Worden v. Pratt and Whitney Aircraft, 256 So.2d 209 (Fla. 1971).
[3] Festa v. Teleflex, Inc., 382 So.2d 122 (Fla.1st DCA), pet. rev. denied, 388 So.2d 1119 (Fla. 1980).