PER CURIAM.
The claimant, Louis J. Keplar, began working for the employer, Hillsborough Area Rapid Transit Lines (HARTline), as a bus driver in 1984 and has continued this employment through the present. His prior employment history, spanning 22 years, includes commercial bus driving and truck driving. Since 1985, as part of his employment with HARTline, Keplar has driven a type of bus known as the Series 400 bus. The Series 400 bus has an independent suspension that gives it a rougher ride than the flexible bus. Kep-lar described the bouncing on the bus as similar to a “mild jackhammer.” During 1990 and 1991, Keplar experienced a gradual worsening of pain in his lower abdomen from driving the Series 400 buses. At that time, he drove the Series 400 buses one or two days per week, four to eight hours per shift.
On June 18, 1992, Keplar filed a claim, seeking payment of temporary total disability benefits from September 16, 1991, through October 7, 1991; payment of past medical bills; authorization for an orthopedic evaluation and treatment if necessary; and penalties, interest, costs, and attorney’s fees. Keplar listed the date of accident as June 27, 1991, and gave the following description of the accident: “While driving the 400 Series buses, the constant bouncing caused pain in the left side.” The description of injury indicates “pain in the left side (abdomen).”
A hearing took place before the judge of compensation claims (JCC) on May 10, 1994. In her final order, entered August 10, 1994, the JCC noted the wording on the claim for benefits and then framed and addressed the following issue: “Whether the operation of the Series 400 Buses resulted in repetitive trauma which either caused an injury to the Claimant’s low back or aggravated a preexisting condition?” The JCC determined that Keplar had failed to show exposure to a repetitive trauma that either caused or aggravated his condition. We reverse and remand.
This court has repeatedly explained a claimant’s burden in a repetitive trauma case:
To establish a claim for repeated trauma, the claimant must show 1) prolonged exposure to a condition or activity, 2) the cumulative effect of which is injury or aggravation of a pre-existing condition, and 3) that claimant thereby has been subjected to a hazard greater than that to which the general public is exposed. Alternatively, the claimant must demonstrate a series of occurrences, the cumulative effect of which is injury.
Alvarez v. City of Tampa, 647 So.2d 301, 303 (Fla. 1st DCA 1994); see Festa v. Teleflex, Inc., 382 So.2d 122, 124 (Fla. 1st DCA), petition for review denied, 388 So.2d 1119 (Fla.1980). In this case, although the JCC found that Keplar did not meet his burden of proving that driving the Series 400 bus caused his back condition, the JCC failed to make any findings regarding Keplar’s claim that driving the Series 400 buses aggravated his condition. Further, the JCC erred in failing to consider Keplar’s ongoing complaints of pain after the date he filed his claim and in failing to consider the complaints of other drivers of the Series 400 buses. Indeed, continued complaints of pain are relevant particularly where a claimant files a claim and continues working for the same employer and, on remand, the JCC should consider this evidence.
REVERSED and REMANDED.
ZEHMER, C.J., and ALLEN and KAHN, JJ., concur.