733 So.2d 1149 (1999)
J & J ENTERPRISES and AIG Claim Services, Inc., Appellants,
v.
Mountaha OWEIS, Appellee.
No. 98-2775.
District Court of Appeal of Florida, First District.
June 17, 1999.
*1150 Don W. Allen and George W. Boring of Langston, Hess, Bolton, Znosko & Helm, P.A., Maitland, for Appellants.
Pat T. DiCesare, II of DiCesare, Davidson & Barker, P.A., Lakeland and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellee.
ALLEN, J.
The appellants challenge a workers' compensation order by which the claimant was awarded various benefits, with compensability being predicated on the standards announced in Festa v. Teleflex, 382 So.2d 122 (Fla. 1st DCA 1979), rev. denied, 388 So.2d 1119 (Fla.1980). Noting that the claimant worked for only two weeks before she experienced the onset of symptoms, and thereafter continued this work effort for only another two weeks, the appellants contest the applicability of Festa to such a short timeframe. But Festa does not impose a minimum temporal threshold, and the time here involved will suffice for both Festa alternatives of "prolonged exposure" and "series of occurrences," insofar as the evidence establishes that the injury ensued from the claimant's workplace activity. See Florida Power Corp. v. Stenholm, 577 So.2d 977 (Fla. 1st DCA), dismissed, 584 So.2d 997 (Fla.1991).
The appellants also contest the determination that the claimant's injury is the major contributing cause of her disability and need for treatment. However, this requirement in section 440.09(1)(b), Fla.Stat., as well as the major contributing cause provision in section 440.02(32), Fla. Stat., is satisfied by the claimant's proof that the workplace activity produced a disabling aggravation of a preexisting condition. See Mellon Security and Sound v. Custer, 687 So.2d 1372 (Fla. 1st DCA 1997).
The appealed order is affirmed.
JOANOS and KAHN, JJ., CONCUR.