BOOTH, J.
This cause is before us on appeal from an order of the Judge of Compensation Claims (“JCC”) denying worker’s compensation benefits for Appellant’s cerebral dysfunction allegedly caused by his exposure to toxic chemicals. The JCC denied Appellant’s claim, finding that Appellant did not suffer a prolonged exposure.
Briefly, the facts are that on May 6, 1999, Appellant was operating a bulldozer at the county landfill in the course of his regular duties for Appellee Pasco County when a garbage truck arrived and dumped toxic wastes adjacent to the bulldozer driven by Appellant. The toxic wastes consisted of two open 55-gallon drums containing chemicals, tires and other waste saturated with the chemicals.
Appellant testified that he was immediately engulfed in fumes from the dumped chemicals and felt dizzy and lightheaded. He reported the dumping of the toxic wastes to his employer. Appellant’s testimony is corroborated by Stan Stoffan, Appellant’s supervisor, and George Jancaitis, one of the emergency responders, who both stated that upon their arrival they could smell noxious fumes which indicated the presence of toxic substances. It was determined that the dumped chemicals were hazardous and toxic.[1]
Appellant subsequently complained of numbness in his right side, fatigue and clumsiness. He requested authorization from the E/C to receive medical treatment, but the E/C denied his request. On his own initiative, Appellant sought medical treatment from Dr. Leon Prockop, a neu-rotoxicologist. Dr. Prockop diagnosed Appellant as suffering from mild but definite cerebral dysfunction and stated that no *257 specific therapy existed for such dysfunction.
The primary issue in this case is whether Appellant suffered a “prolonged exposure” as required by this Court’s opinion in Festa v. Teleflex, Inc., 382 So.2d 122, 124 (Fla. 1st DCA 1980). In J & J Enterprises v. Oweis, 733 So.2d 1149, 1150 (Fla. 1st DCA 1999), this Court held that the “prolonged exposure” factor can be satisfied by either a single-dose exposure or a repeated exposure and that Festa, supra, “does not impose a minimum temporal threshold” for determining a “prolonged exposure.” We also held in Florida Power Corp. v. Stenholm, 577 So.2d 977, 981-82 (Fla. 1st DCA 1991), that “the factor of ‘prolonged exposure’ may be satisfied in any given case by a showing of any exposure' — either a single dose exposure or a repeated exposure.”
In the instant case, the JCC specifically found that Appellant was exposed for approximately one hour to toxic chemicals in a concentration considered hazardous, but nonetheless denied compensation benefits on the ground that the exposure was not “prolonged.” The JCC interpreted this Court’s prior decisions as requiring more than an hour’s exposure. However, no minimum duration of exposure is required for the Festa, supra, test. Therefore, we hold that the JCC erred in finding no “prolonged exposure.” Accordingly, we reverse and remand for reconsideration in light of this opinion and the rule set forth in Festa, supra, and the authorities cited herein.
REVERSED and REMANDED for further proceedings.
BROWNING and POLSTON, JJ., concur.

. Nine chemicals were present in the drums in sufficient quantity to be regulated as hazardous wastes. The chemicals were: Chromium, Selenium, Acetone, 2-Butanone (known as Methyl Ethyl Ketone), hexone (known as Methyl Isobutyl Ketone 4-Methyl 2-Pentanone), Toluene, Ethylbenzene, Xylene, and Benzene.