940 So.2d 1253 (2006)
Cynthia TICE, Appellant,
v.
ALBERTSON'S and Specialty Risk Services, Appellees.
No. 1D05-4012.
District Court of Appeal of Florida, First District.
November 3, 2006.
Paul M. Anderson, and Karla G. Hart of Anderson & Associates, P.A., Tallahassee, for Appellant.
Kimberly A. Hill of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for Appellees.
PER CURIAM.
In this workers' compensation appeal, the claimant seeks review of that portion of the final order denying her request for medical treatment. Specifically, she contends that the judge of compensation claims committed reversible error in failing *1254 to find, based on the opinion of the expert medical advisor, that she suffered a compensable aggravation of her preexisting carpal tunnel syndrome which was the major contributing cause of her need for treatment. We reverse and remand for further proceedings.
The judge of compensation claims appointed an expert medical advisor who opined that the claimant's use of a meat slicer while working in the employer's deli aggravated her preexisting, asymptomatic carpal tunnel syndrome, causing it to become symptomatic. Although there was a dispute as to the amount of time that the claimant used the meat slicer during each shift, the expert medical advisor testified that it was the activity itself, rather than the degree of repetitiveness, that caused the aggravation.
In denying the request for medical treatment, the judge of compensation claims concluded that the claimant failed to establish a claim for repeated trauma under Festa v. Teleflex, Inc., 382 So.2d 122 (Fla. 1st DCA 1980). We have explained that, under Festa:
To establish a claim for repeated trauma, the claimant must show 1) prolonged exposure to a condition or activity, 2) the cumulative effect of which is injury or aggravation of a pre-existing condition, and 3) that claimant thereby has been subjected to a hazard greater than that to which the general public is exposed. Alternatively, the claimant must demonstrate a series of occurrences, the cumulative effect of which is injury. Festa, 382 So.2d at 124.
Alvarez v. City of Tampa, 647 So.2d 301, 303 (Fla. 1st DCA 1994). We conclude that the judge of compensation claims misapplied the Festa test and that the claimant established a claim for repeated trauma under a proper application of that test. See Moore v. Pasco County Bd. of Comm'rs, 854 So.2d 256, 257 (Fla. 1st DCA 2003); J & J Enters. v. Oweis, 733 So.2d 1149, 1150 (Fla. 1st DCA 1999); Fla. Power Corp. v. Stenholm, 577 So.2d 977, 981-82 (Fla. 1st DCA 1991); Sewell v. J.C. Penney, 569 So.2d 1335, 1336 (Fla. 1st DCA 1990); Winn-Dixie Stores v. Morgan, 533 So.2d 783, 784 (Fla. 1st DCA 1988).
Once the claimant established a claim for repeated trauma under Festa, she then had to prove that the resulting aggravation of her preexisting carpal tunnel syndrome was the major contributing cause of her need for treatment under section 440.09(1)(b), Florida Statutes (2002). See City of Cooper City/Fla. Mun. Ins. Trust/Fla. League of Cities v. Farthing, 905 So.2d 925, 928 (Fla. 1st DCA 2005); J & J Enters., 733 So.2d at 1150; Mellon Sec. & Sound v. Custer, 687 So.2d 1372, 1373 (Fla. 1st DCA 1997). Although the expert medical advisor testified that the claimant's work activities were the major contributing cause of the aggravation of her preexisting carpal tunnel syndrome, she did not specifically address whether the aggravation was the major contributing cause of the claimant's need for treatment. Nor did she address whether the claimant needed the specific treatment requested by the claimant. Accordingly, we reverse and remand for further proceedings on the issue of whether the aggravation of the claimant's preexisting carpal tunnel syndrome was the major contributing cause of her need for treatment, in particular the treatment requested by the claimant. See Prewitt v. Principal Health Care, 752 So.2d 96 (Fla. 1st DCA 2000).
REVERSED and REMANDED with directions.
WEBSTER, VAN NORTWICK, and PADOVANO, JJ., concur.