PER CURIAM.
In this workers’ compensation case, the Employer/Carrier (E/C) appeals an order of the Judge of Compensation Claims (JCC) finding Claimant’s repetitive trauma injury compensable and authorizing evaluation and treatment with a podiatrist. We reverse because, although the JCC properly found Claimant’s repetitive trauma injury compensable, the JCC erred in rejecting the opinion of the expert medical advisor (EMA) as to the major contributing cause (MCC) of Claimant’s need for ongoing treatment, and further erred in awarding Claimant’s requested evaluation and treatment with a podiatrist based on the JCC’s evaluation of the EMA’s opinion. Accordingly, we reverse and remand for further findings relating to the EMA’s opinion.

Background

Claimant broke his right ankle in 1987. Approximately two years later, Claimant began his employment as a courier/driver with the E/C. Claimant had occasional pain in his right ankle prior to his employment, but it was manageable and did not prevent him from performing his job duties. In November 2001, Claimant sought medical treatment for pain in his right ankle. Claimant was referred to a podiatrist in February 2003.
Claimant filed a petition for benefits (PFB) seeking compensability for repetitive trauma to his right ankle and authorization of a podiatrist. Due to disagreements in the medical opinions regarding causation issues, the JCC appointed an EMA, Dr. April Chin. The JCC accepted the opinions of Dr. Chin, finding those opinions well-grounded in fact and logic. The JCC found that Claimant had a com-pensable repetitive trauma injury, specifically, an aggravation of the pre-existing ankle condition, as established by Dr. Chin. The JCC also found the aggravation was the MCC of Claimant’s need for ongoing treatment, and awarded the requested treatment with a podiatrist. This appeal followed.

Analysis

On appeal, the E/C argues competent, substantial evidence (CSE) does not support the JCC’s apparent rejection of the EMA’s opinion as to the MCC of his current need for treatment. Although the JCC here purported to accept the EMA’s opinions, the JCC mischaracterized those opinions. In the order, the JCC found:
6. I further find that the claimant’s employment and the physical job duties aggravated the claimant’s preexisting right ankle fracture. Dr. Chin’s testimony clearly and unequivocally establishes same, as does Dr. Augustin Bollo. The undisputed medical evidence is that the claimant currently needs further treatment for the right ankle. I find that the claimant’s employment and job duties aggravated and accelerated the need for treatment of the right ankle, and [sic] is compensable. See Delgado v. Blanco & Sons Catering, 606 So.2d 658 (Fla. 1st DCA 1992). I accept Dr. Chin’s opinion that the major contributing cause of the aggravation and acceleration of the claimant[’s] right ankle injury is the job duties with the employer. Because the claimant’s employment has aggravated and accelerated the need for treatment, I find that the major contributing cause standard and the criteria for compensability under F.S. 440.09 have been met.
7. I note some confusion in the concept of major contributing cause in the opinion of Dr. April Chin. However, as noted above, Dr. Chin clearly states the claimant’s employment aggravated and accelerated the claimant’s preexisting condi *901 tion, and that the preexisting condition now needs treatment. Dr. Chin clearly states that the major contributing cause of the aggravation and acceleration is the claimant’s employment and job duties. The record is devoid of any evidence of any other aggravating or accelerating factor. Accordingly, it comports with logic and reason that the employment duties are the major contributing cause of the current need for treatment. There is no evidence before the undersigned that the claimant would need the same current level of care and treatment had the claimant not had employment duties with the employer.
In explaining the noted “confusion” in Dr. Chin’s opinions on the MCC of Claimant’s need for treatment, the JCC stated:
8. I note a portion of Dr. Chin’s opinion states that the preexisting condition is the major contributing cause of the need for treatment. However, this portion of her opinion cannot be read in a vacuum, and cannot be read with blinders on to ignore or exclude her other opinions in this case. The totality of her opinion must be considered, as well as the specific facts of the case, in reaching the ultimate conclusions. I decline to read Dr. Chin’s opinion in a vacuum as argued by the E/SA. When considering the totality of Dr. Chin’s opinion, I accept her opinion that the claimant’s preexisting right ankle condition has been aggravated accelerated [sic] by his employment, and the aggravation and acceleration alone require treatment. I accept Dr. Chin’s opinion that the major contributing cause of the aggravation and acceleration was the industrial accident. I accept that Dr. Chin noted no other aggravating factor other than the employment.
(emphasis added).
Dr. Chin answered two questions posed to her in the EMA appointment letter. Specifically, Dr. Chin opined, “In regard to the first question, whether the employment with Federal Express was a major contributing cause for permanent aggravation to the pre-existing condition, my answer is yes.” Dr. Chin continued, “And for the second question, regarding whether the employment with FedEx was a major contributing cause for the current need of treatment, my answer is no.” Consistent with those answers, Dr. Chin’s testimony was that the work-related aggravation was not the MCC of Claimant’s current need for treatment. Similarly, Dr. Chin’s EMA report indicated that the MCC for Claimant’s current need for treatment was the pre-existing ankle fracture sustained in 1987. By awarding the requested medical treatment, the JCC effectively rejected the EMA’s opinion that Claimant’s pre-exist-ing condition was not the MCC of his need for treatment. The JCC was not entitled to reinterpret the EMA’s opinions in this manner.
Claimant had the burden to prove that the resulting aggravation of the pre-exist-ing condition was the MCC of his need for treatment under section 440.09(l)(b), Florida Statutes (2002). That statute provides:
If an injury arising out of and in the course of employment combines with a preexisting disease or condition to cause or prolong disability or need for treatment, the employer must pay compensation or benefits required by this chapter only to the extent that the injury arising out of and in the course of employment is and remains the major contributing cause of the disability or need for treatment.
§ 440.09(l)(b), Fla. Stat. (2002). See Tice v. Albertson’s & Specialty Risk Servs., 940 So.2d 1258 (Fla. 1st DCA 2006) (reversing denial of benefits where the JCC erred in *902 rejecting the EMA’s opinion that claimant’s work activities were the MCC of aggravation of her pre-existing condition and remanding for further proceedings as to whether aggravation was the MCC of claimant’s need for treatment); City of Cooper City/Fla. Mun. Ins. Trust/Fla. League of Cities v. Farthing, 905 So.2d 925, 928 (Fla. 1st DCA 2005) (holding the MCC requirement of section 440.09(1)(b) is satisfied by proof that workplace exposure aggravated pre-existing disease); J & J Enters. v. Oweis, 733 So.2d 1149, 1150 (Fla. 1st DCA 1999) (holding the MCC requirement in section 440.09(l)(b) and the MCC provision in section 440.02(32) were both satisfied by claimant’s proof that workplace activity produced disabling aggravation of pre-existing condition); cf. Mellon Sec. & Sound v. Custer, 687 So.2d 1372 (Fla. 1st DCA 1997) (affirming finding of compensability of aggravation of pre-existing condition and benefits claimed where record contained CSE that the accident caused aggravation of pre-existing condition and that aggravation was the MCC of claimant’s need for treatment). In the absence of such proof, the JCC should have denied Claimant’s claim for treatment.
The JCC relied on Delgado, 606 So.2d at 658, to find that Claimant’s repetitive trauma injury was the MCC for Claimant’s need for treatment. In Delgado, this court held that, because the unrefuted medical evidence, established by the testimony of the claimant’s authorized treating surgeon, specifically indicated the claimant’s employment injury aggravated his pre-existing hernia and the claimant’s current need for treatment, hernia surgery, was required due to the aggravation, the aggravation of the pre-existing hernia was compensable. Id. at 659. Delgado is distinguishable from this case because, in that case, the issue was whether the claimant’s employment accident aggravated his pre-existing hernia condition. Id. Here, it is undisputed that Claimant’s employment aggravated his pre-existing condition. The issue is whether the aggravation is the MCC of Claimant’s current need for treatment.
The record medical evidence does not support the JCC’s finding that the aggravation was the MCC of Claimant’s need for treatment because, although the JCC noted “some confusion” in Dr. Chin’s testimony regarding the MCC, a review of Dr. Chin’s testimony and report reveals no confusion — Dr. Chin opined that, although Claimant’s job was the MCC of any permanent aggravation of his pre-existing ankle condition, the MCC of Claimant’s need for treatment was the pre-existing condition (not Claimant’s job-related aggravation). In finding that the aggravation of Claimant’s pre-existing condition alone necessitated the requested treatment (evaluation and treatment with a podiatrist), the JCC impermissibly rejected the EMA’s opinion, and failed to articulate clear and convincing evidence to do so, as required by section 440.13(9)(c). Accordingly, we reverse and remand this matter for further findings relating to the EMA’s opinion. Because the propriety of the JCC’s award of medical treatment with a podiatrist depends on the resolution of the need for treatment, we reverse and remand the award of treatment as well.
Accordingly, the order is REVERSED, and REMANDED for proceedings consistent with this opinion.
VAN NORTWICK, LEWIS, and SWANSON, JJ., concur.